## SWEETLAND *v.* FROE *et al.*

To enable a party to recover lands under the possessory Act of this State, he must have complied with the provisions of the Act.

A party who has erected improvements on land, and has sold them to another, cannot afterward, by making a survey and filing affidavit with the county recorder, acquire any right to the possession of land in the possession of another.

And, if he conveys subsequently to the same person who purchased the improvements, the latter acquires no rights to any portion of the land attempted to be pre-empted, except that covered by his actual enclosure.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

The plaintiff brought his action to recover possession of a certain

piece of land, alleging that he was in the peaceable and quiet possession thereof, when defendants unlawfully entered, etc.

It appeared by the evidence offered by the plaintiff on the trial, that one J. W. Walker, and other parties in partnership with him, had erected improvements of the value of $1,000 on a portion of the tract sometime in 1851, which they sold to the plaintiff in October, 1852, who, by his tenants, has ever since occupied them. In November, 1852, Walker, who had abandoned the possession of the land to the plaintiff, filed a notice of a pre-emption claim for the tract, including the land covered by the improvements, and consisting of one hundred and sixty acres, surveyed for that purpose after the sale to plaintiff, and also filed the statutory affidavit. In April, 1853, Walker conveyed this tract to the plaintiff, who now seeks to recover possession of a portion of the tract not enclosed by either Walker or the plaintiff, relying on the improvements erected, as entitling him to the possession of the whole tract. Defendants moved for a non-suit, which was denied. Under the instructions of the Court below, the jury found a verdict for the plaintiff, and judgment was entered accordingly. The defendants moved for a new trial, which was denied. Defendants appealed.

*J. Anderson and H. Meredith* for Appellants.

The lot in dispute, according to plaintiff's evidence, is a part of the public mineral lands of California, and defendent entered upon the same while it was vacant and to all appearances unappropriated.

A peaceable entry upon land apparently vacant, furnishes no presumption of wrong. 6 John. Rep., 218 ; 5 Cow. Rep. 374.

In prosecuting this possessory action against defendant, plaintiff puts in issue his right of possession, and unless plaintiff makes his right good, defendant is entitled to retain possession.

In an action for the possession of a particular lot, the question of prior possession arising, the plaintiff's right of possession may be inquired into, and must be shown. See Sunol v. Hepburn, 1 Cal. Rep., 255 ; Mceker v. Williamson, 4 Martin Rep. 625.

Plaintiff's evidence shows that he claimed the lot as part of a 160 acre tract of land, for agricultural purposes, and upon such proof, in this case, it was necessary to show, on his part, acts, or the series of acts, made by statute an individual appropriation of the same, there being no act of defendant's proven, estopping him from denying plaintiff's right of possession.

Plaintiff failed to prove that he made the affidavit required by the third section of the Act concerning possessory actions on public lands, (see Comp. Laws, 896,) and filed the same with the recorder of the county, together with his notice of claim, made necessary by the same Act.

Plaintiff showed that he had not settled upon that tract of public land, which he strives here to prevent others from settling upon and occupying, but contrary to the fifth section of said law and to the spirit and object of the entire Act, continually absented himself from said claim.

The making of the affidavit of claim and filing same with the recorder by Walker, was in fraud of, and not compliance with, the law, the same having been done by Walker at plaintiff's request, after Walker had sold to plaintiff and abandoned.

The deed from Walker to plaintiff is for the conveyance of " a pre-emption claim," and is void and a nullity on its face, such an interest being, by Act of Congress, prohibited as a subject of sale.

An instrument which is a nullity on its face conveys neither title nor color of title. Sunol v. Hepburn, 1 Cal. Rep., 255.

Collateral circumstances may rebut the presumption of title which may arise from possession or deed. 7 Wheaton Rep., 105–'6.

The parol testimony of plaintiff shows that Walker, his grantor, neither possessed *nor claimed the lot* in dispute, but long before any lines were marked or mediated of the quarter section, Walker sold and surrendered.

A sale of a possessory or agricultural claim on public land in this State, is merely a contract for an abandonment of possession by the vendor to the vendee, and such an abandonment as will enable the vendee under the statute to treat the claim as unoccupied public land, and by his own compliance with the requirements of the Act to appropriate the claim to himself.

The plaintiff was in possession of eight or ten acres of a tract of 160 acres, but proved the title to be in the Government, without afterwards proving any act or acts, lawfully constituting an appropriation to himself of public land. His actual possession of part cannot be construed to extend to the limits of his claim or over the whole. He who makes title to a tract of land and is in possession of part is in possession of the whole, but it is the title which constructively extends the possession. · 1 Paines' Rep., 458 ; 1 Serg. & Raw. Rep., 111 ; 3 Har. & McHen. Rep., 621.

Possession of land by one claiming it as his own in fee, is *prima facie* evidence of ownership or title, but collateral circumstances may rebut the presumption arising from possession. 7 Wheat. Rep., 59 ; 7 Wheat. Rep., 105, 106.

The collateral circumstances of this case, as shown by plaintiff, rebuts all presumption of title in himself, and confines his possession to his actual occupancy.

*Dunn, Buckner & Hill*, for Respondent.

The claim set up by plaintiff, and on which he relies, was a possessory one under the statutes of California. See testimony made a part of the record, and Statutes, pp. 896 and 897. Walker's Survey, Claim and Oath.

Possessory claims are assignable and transferrable, and the transfer and assignment of Walker to respondent was legal. Grover v. Hawley & Tiel, Cal. R., Oct. T., 1855 ; Campbell v. Thomas, 9 B. Monroe, 82 ; Huntsacker v. Clark, 12 Missouri, 333 ; Rogers v. Rawlings, 8 Porter, 326 ; Grand Gulf Railroad and Banking Co. v. Bryan, 8 S. & M., 234 ;

Taylor v. Baker, 1 Branch, 246; Delancey v. Bennett, 4 Gilman, 454; Marshall v. Bush, 1 Morris; same case, 3 Howard's U. S. R.; Wilson v. White, 1 Morris, 312; Ib., 463; Jenkins v. Noel, 3 Stewart, 60; Threadgill v. Pintard, 12 Howard, U. S. R., 24.

Occupation of tenant or agent is the occupation of principal or landlord. 2 Black. Com., 59, 104, 105, 180; 3 Kent's Com., 487, 488, 489, 513, 514.; Coke's Littleton, 1 B., § 1; Hickie v. Stark, 1 Peters' Rep., 98.

Possession of a part of the ranch was and is possession of the whole. Statutes of California, p. 897, § 6; Waggoner v. Hastings, 5 Barr. Pa. R., 300; Jeighl v. Landerbergh, Ib., 490.

The opinion of the Court was delivered by Mr. Justice TERRY.    Mr. Chief Justice MURRAY concurred.

To enable a party to recover lands under the possessory Act of this State it is necessary that he shall have complied with the provisions of the Act.    A party out or possession, and having no interest in the improvements, cannot, by making a survey and filing affidavit with the county recorder, acquire any right of possession to land in the actual possession of another.

It appears from the plaintiffs own showing in this case, that Walker, prior to the time of surveying the land, and filing notice of claim, had sold his interest in the improvements and surrendered the possession of the land, which was actually occupied by a tenant of his vendee. His acts were not in conformity to the requirements of the statute, and gave him no right to the possession of the land.    The fact that the survey and affidavit were made at the instance of, and for the benefit of the owner of the improvements, does not render that valid which is not authorized by the statute.

In passing the statute, the Legislature designed to promote the settlement and cultivation of the vacant public domain by securing to the actual settler the exclusive enjoyment of a tract of land without the necessity of an actual enclosure.

In order to prevent speculation, the possession of each settler is restricted to one hundred and sixty acres and he is required to make affidavit that he has taken no other claim under the Act.    If this could be done by proxy, the intention of the statute would be defeated and the public lands of the State be monopolized by speculators, instead of furnishing farms to bona fide settlers.

The plaintiff having failed to show a compliance on his part with the provisions of the statute, could not recover in this action any land not covered by his actual enclosure.

The Court therefore should have entered a judgment of non-suit on motion of defendant.

The judgment of the Court below is reversed, with costs.