# E. T. STONE *v.* A. ELKINS.

CONSTITUTIONAL CONSTRUCTION.—The seventy-fourth section of the Act to regulate elections, which confers upon the Boards of Supervisors of the several counties the power to try a contest in relation to the office of County Judge, is unconstitutional.

APPEAL from the Board of Supervisors of Stanislaus County.

Defendant recovered judgment before the Board of Supervisors, and Plaintiff appealed.

*Tyler* and *Cobb*, for Appellant.

*Coffroth & Spaulding*, for Respondent.

By the Court, SAWYER, J.

The appellant and respondent were candidates for the office of County Judge, in the County of Stanislaus, at the late election. The appellant contested the election of the respondent to that office before the Board of Supervisors of said county, and this is an appeal from the judgment rendered by the Board against the appellant in that proceeding.

The respondent moves to dismiss the appeal on the grounds, among others—first, that this Court has no jurisdiction of the appeal, for the reason that the Board of Supervisors is not a Court, and that this is, therefore, not an appeal from the judgment of any Court; second, that no appeal can be taken from the decision of a Board of Supervisors.

The objections are substantially the same, or, if not, they depend upon the same principles. The Election Law (found in Wood's Dig. p. 381, Secs. 51 to 73 inclusive) prescribes the mode of contesting the election of various officers.

The jurisdiction is conferred upon the County Court; the proceedings in these sections prescribed are essentially judicial in their character : pleadings are to be filed ; a citation to the party whose election is contested is to be issued and served ; witnesses are to be subpœnaed and examined ; the fact as to which party was actually elected is to be litigated and deter-

mined in accordance with "the rules of law and evidence governing the determination of questions of law and fact" in other cases, so far as the same may be applicable; and, "after hearing the proofs and allegations of the parties, the Court shall pronounce judgment in the premises, either confirming or annulling and setting aside such election, according to the law and right of the case." Judgment is also to be rendered against the losing party for costs, "which may be collected in the same manner in which similar costs are collected in the District Courts;" and, by section 69, "either party feeling himself aggrieved by the judgment of said Court may appeal therefrom to the Supreme Court, as in other cases of appeal thereto from the County Court."

There can be no doubt that such proceedings are purely judicial in their character, and being so, and the case being special, the County Court has jurisdiction. (*Saunders* v. *Haynes*, 13 Cal. 152.)

Section 74 is as follows, to wit: "In case of any contest in regard to any election to fill the office of County Judge, such contest shall be tried in like manner by the Board of Supervisors of said county." This is the only section specifically referring to the matter in the case of contesting the election of County Judge. According to this provision, the Board of Supervisors are to proceed in the same manner as the County Court, and to exercise functions purely judicial in their nature, and not such as are appropriate to that body. Article III of the Constitution provides that "the powers of the Government of the State of California shall be divided into three separate departments: the Legislative, the Executive, and Judicial; and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any functions appertaining to either of the others, except in the cases hereinafter permitted."

The case under consideration is not found among the exceptions. Here, there is an attempt to confer purely judicial powers upon the Board of Supervisors—the power to judicially hear and determine the title of parties to an office, and to

render formal judgment both upon the subject matter and for costs.   The provision of the statute purporting to confer this power upon the Board of Supervisors is clearly in conflict with the Article of the Constitution cited, and is therefore void.   (*Guy* v. *Hermance*, 5 Cal. 70; *People* v. *Nevada*, 6 Cal. 144, and cases cited.)

It follows that the Board of Supervisors, in hearing and determining the contest between these parties and rendering a judgment in the proceeding, assumed powers which, under the Constitution, they were not competent to perform, and that the entire proceeding is a nullity.   There is, then, no judgment.   There is nothing of which this Court can take cognizance.   (9 Cal. 175.)

The action of the Board of Supervisors being void, and the right of the contestant unaffected thereby, he probably has his remedy by a proceeding upon an information in the nature of a *quo warranto*.   (Practice Act, section 310; 10 Cal. 376; 20 Cal. 53.)   But it is unnecessary to determine the question in this case.

To guard against misapprehension, it is proper to remark here that we do not intend to be understood as holding that the Board of Supervisors cannot, under any circumstances, perform duties that in some respect partake of a judicial character.   There may be many duties relating to the police and fiscal regulations of counties of a *quasi* judicial, or of a mixed character, which properly belong to the Board of Supervisors, as was held in the case of the *People* v. *El Dorado County*, 8 Cal. 62.   But the case at bar involves no question of that nature.

The appeal is dismissed.

SHAFTER, J., expressed no opinion.

| 24 | 127 |
| 79 | 436 |

| 24 | 127 |
| 80 | 97 |

| 24 | 127 |
| 89 | 266 |

| 24 | 127 |
| 118 | 637 |

| 24 | 127 |
| 144 | 713 |