THE PEOPLE, by J. G. McCULLOUGH, Attorney-General *ex rel.* G. L. SIMMONS *v.* SILAS W. SAN-DERSON.

Trustees of State Library. — The duties of Trustee of the State Library properly fall within the sphere of the executive department of the government.

Chief Justice cannot be Trustee of State Library.—The Chief Justice of the Supreme Court is prohibited by the Third Article of the Constitution from exercising the functions and duties of Trustee of the State Library.

Who may not be Trustees of State Library. — The duties of Trustee of the State Library cannot be performed by any person holding an office in the legislative or judicial departments of the State.

Vacancy in Office to be Filled by the Governor.—If an Act creating an office provides that the incumbent of another office (naming it) shall, *ex officio*, fill the office created, and the incumbent of the other office is by the Constitution prohibited from holding the office created, there is no vacancy to be filled by the Governor, and an appointment by him is without authority and void.

Vacancy in Office.—An Act creating a Board of five Trustees to govern the State Library, and making the Chief Justice of the Supreme Court one of the five, is, as to the Chief Justice, and as to the place to be filled by him, void, and there is no vacancy which the Governor can fill by appointment.

Appeal from the District Court, Sixth Judicial District, County of Sacramento.

The facts are stated in the opinion of the Court.

*George Cadwalader*, for Appellant, argued that Section 16 of Article VI of the Constitution should receive a reasonable

6

interpretation as associated with kindred parts of the Constitution, and that thus construed a Justice of the Supreme Court was excluded only from those offices created by the Constitution which were not judicial, and from such judicial offices as were incompatible with the duties of a Justice of the Supreme Court, and that said section was to be read as though it excluded in words a Justice of the Supreme Court from each one of the offices named in and created by the Constitution. He argued that the rule contended for by the plaintiff being one of exclusion, was to be restricted by interpretation rather than enlarged, and cited Bacon's Abridgment, title "Office and Officers," p. 313; and *People ex rel. Whitney* v. *Canigue*, 2 Hill, 93.

He further argued that a seat in the Board of Trustees of the State Library was not a disqualifying office, but was more like a special agency, conferring the right to take part in the management of the Library, and was not an office; and cited *Cohen* v. *Wright*, 22 Cal. 293; 3 Greenl, 482; and 4 Dallas, 229.

*E. W. F. Sloan*, for Respondent, argued that by the terms of the Act creating a Board of Trustees, the office of Trustee was inseparably connected with the office of Chief Justice, and that the Chief Justice could not resign his commission as such, and remain Trustee; and that he could not, while he remained Chief Justice, resign as Trustee, or create a vacancy in the Board; and that the office of Trustee continued while there was a Chief Justice, provided the Chief Justice could hold the office. Second, he argued that if there was a vacancy, the Governor had no power to fill it, because the second section of the Act provided that the Legislature should fill vacancies, unless they occurred during a recess, and that then the Governor might fill until the Legislature met, and that no vacancy had occurred during the recess of the Legislature; and that as the theory of the appellant was that the Chief Justice was constitutionally ineligible, there had been but four

Trustees *ab initio,* and that the vacancy, if any, existed from the failure of the Legislature to elect. He argued that the Board would consist of only four members until changed by future legislation, and that a statute might·be void as to a part, and good in all other respects; and cited *People* v. *Rosborough,* 14 Cal. 187.


By the Court, CURREY, C. J. :

The proceeding in this case is an information in the nature of a *quo warranto.* The information was filed in the District Court of the Sixth Judicial District, in and for the County of Sacramento, and is as follows:

"And now comes J. G. McCullough, Attorney-General of said State, for the people of the State of California, in this behalf complaining, at the relation of G. L. Simmons, and gives this Court here to understand and be informed : That under and by virtue of a pretended Act of the Legislature entitled 'An Act prescribing rules for the government of the State Library,' approved March 8th, A. D. 1861, a Board of Trustees of the State Library was created, to consist of five members, and of those five it was enacted that the Chief Justice of the Supreme Court of this State *ex officio* should constitute one.

" That afterward, to wit : on March 21, 1864, the Legislature amended said Act by an Act entitled 'An Act to amend an Act entitled an Act prescribing rules for the government of the State Library, approved March 8, 1861,' by virtue of which last Act a Board of Trustees of the State Library was created, to consist of five members, and of those five it was enacted that the Chief Justice of the Supreme Court of the State of California should *ex officio* constitute one.

" That the said position and place of Trustee of said Library is an office and place of great trust and pre-eminence, touching the rule and government of said Library at the county aforesaid.

" That said Board should of right consist of five members pursuant to the provisions of said Acts, and especially now of said last mentioned Act.

" That, prior to the first day of January, 1865, the said defendant, S. W. Sanderson, was duly elected, commissioned and qualified a Justice of the said Supreme Court, and that afterwards, to wit: on January 2, 1864, he became, has ever since been, and is now, Chief Justice of said Court, and during all said time has exercised, and is now exercising, the rights performed, and is now performing the duties, has received, and is now receiving, the emoluments of said judicial position of Chief Justice.

"And the Attorney-General, at the relation of said Simmons, further informs this Court that afterwards, viz: on said January 2, 1864, at the county aforesaid, the said defendant did use and exercise, and from thence continually afterwards, up to the exhibition of this information, has there used and exercised, and still does there use and exercise, without any legal warrant or right whatsoever, the office of Trustee · of said Library, and during said time has claimed, and still does claim, to be one of said Trustees, and to have and enjoy the liberties, privileges and franchises to said last mentioned office appertaining.

"And the Attorney-General, at said relation, further gives the Court to be informed and charges that the said position of Trustee of said Library is an office within the true meaning and intent of Section 16 of Article VI of the Constitution of California, and that the same is not a judicial office, and that the defendant is inhibited to hold or exercise the functions of said office of Trustee, and that said Acts of the Legislature, so far as they did, or do now, purport to confer such powers upon said defendant, are void, and that said defendant unlawfully holds said office.

" That heretofore, viz: on the 17th day of January, A. D. 1865, the Governor of the State of California, under and by virtue of the power in him vested, duly appointed and commissioned the relator, G. L. Simmons, to fill the office of Trus-

tee of said Library, now unlawfully held by said defendant; that thereafter, viz: on said 18th of January, the said relator duly qualified and in every respect complied with the laws of the State, to enable him to enter upon and perform the duties of said office, and became rightly entitled thereto; and thereafter, viz: on said last mentioned day, and prior to the bringing of this suit, demanded of said defendant to permit him, the relator, to enter said office, at said county, and exercise the privileges and franchises properly appertaining thereto, but said defendant, well knowing relator's right, refused and still does refuse to surrender said office or to permit the relator to enter into the same, contrary to right and justice, and to the great prejudice and damage of relator.

" Further informing this Court, the Attorney-General avers that notwithstanding the invalidity of said Acts, and especially said last mentioned Act, so far as the same purports to make the defendant a Trustee aforesaid, and notwithstanding the right of said relator to enjoy the privileges of said office, the defendant well knowing the same, the said defendant for and during all the time since January 2, 1864, without any legal warrant or right whatsoever, has usurped and still does usurp, intrude into, and unlawfully hold the said office of Trustee, at the said county, and for all said time has exercised and still does exercise the liberties, privileges and franchises thereof, against the dignity of the State, and to the damage and prejudice of relator, viz: in $500.

" Wherefore, the Attorney-General, on behalf of the people at the relation of said Simmons, prays that the process of this Court may be awarded against said defendant to make him answer and show by what authority he claims to hold said office of Trustee, and to enjoy its franchises and to exclude the relator therefrom, and finally plaintiffs pray the judgment of this Court excluding forever the defendant from said office of Trustee, and further prays that the Court adjudge that the relator, G. L. Simmons, is entitled to enjoy the rights, privileges and franchises of said office and for such further relief as the facts may warrant."

To the information the appellant interposed a demurrer on the following grounds:

" 1st. Because there is no vacancy in the Board of Trustees —the respondent, S. W. Sanderson, as Chief Justice of the Supreme Court, having the constitutional capacity to hold a seat in said Board of Trustees.

" 2d. Because, even were it conceded that the Chief Justice is disqualified, the relator, G. L. Simmons, shows no title to the office claimed, inasmuch as there is no vacancy in said Board which can be filled by executive appointment."

Afterwards the case came on to be heard on the information and demurrer interposed thereto ; whereupon the Court, after reciting the submission of the case on the information and demurrer, rendered judgment in the following words:

" Whereupon, all and singular the premises being seen and fully understood by the Court, upon deliberation thereupon had, it is ordered and adjudged by the said Court that the said demurrer of said defendant, S. W. Sanderson, and the matters therein contained, are not sufficient in law. It is therefore considered and adjudged that the said defendant, S. W. Sanderson, do not in any manner intermeddle with or concern himself in or about the office of Trustee of the State Library, or the liberties, privileges and franchises thereunto appertaining ; but that he be forejudged absolutely and excluded from exercising or using the same or any of them for the future.

"And it is further considered and adjudged that the relator, G. L. Simmons, is entitled to said office, and to exercise and enjoy all its rights, privileges and franchises without let or hindrance ; and he is hereby declared and adjudged to be the legal and rightful occupant of said office."

From this judgment an appeal was duly taken to this Court.

In 1861 an Act was passed entitled "An Act prescribing

rules for the government of the State Library," (Laws 1861, p. 45,) the first section of which reads as follows : " The State Library shall be under the direction and control of a Board of Trustees, to consist of five members as herein provided. The Governor and the Chief Justice of the Supreme Court shall be *ex officio* members of the Board ; J. R. McConnell, J. W. Winans and S. Heydenfeldt are hereby appointed members of the Board. They shall hold their office for the term of four years, and until their successors are appointed and qualified. On or before the expiration of their term of office, the Legislature shall, on joint ballot, elect their successors." The second section of the Act is as follows : " In case of a vacancy, for any cause, in the Board of Trustees, the Legislature shall elect on joint ballot to fill such vacancy. If a vacancy occur when the Legislature is not in session, the Governor shall have power to fill such vacancy until the ensuing session of the Legislature." The third section declares that the Trustees of the Library shall receive no compensation whatever for their services as Trustees. The remaining provisions of the Act so far as the Trustees are concerned relate to their duties as such.

On the 21st of March, 1864, (Laws 1864, p. 198,) the Legislature passed an Act, amending the first section of the Act of 1861, by which it was declared that " J. F. Morse, J. W. Winans and H. W. Harkness are hereby appointed members of the Board." In every other particular the language of the first section of the Act of 1864 is the same as the corresponding section of the Act of 1861. The effect of the amendment was to appoint Morse, Winans and Harkness Trustees of the Library for the term of four years from the date of the passage of the Act of 1864, as it went into operation immediately.

*Legislature cannot confer duties other than judicial on Judges.*

I. The first question to be ascertained and determined is, whether the Legislature can impose on the Chief Justice of the Supreme Court any other duties than those of a judicial nature.

The Third Article of the Constitution is in the following words : " The powers of the government of the State of California shall be divided into three separate departments : the Legislative, the Executive, and the Judicial; and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any functions appertaining to either of the others, except in the cases hereinafter expressly directed or permitted."

In *Burgoyne* v. *The Board of Supervisors of San Francisco,* 5 Cal. 9, it appeared that the Court of Sessions, sitting for the transaction of county business, entered into a contract for the purchase of a lot on which to erect public buildings for the use of the county, and agreed to pay, as the consideration of the lot, a certain sum of money—and the question which arose and was decided in the case, was as to the power of the Legislature to confer other than judicial functions upon the Court of Sessions. The case was very fully and elaborately examined by the counsel engaged in its investigation, and also by the Court. Referring to the Article of the Constitution quoted, the Court said : " Not only does the Constitution forbid the exercise of the functions of one department by any other department, but it has gone further, and to secure the complete integrity of each has, by the Third Article, expressly forbid persons charged with the powers of one from exercising duties belonging to another department; from which it follows no duties, except of a judicial character, can be conferred on the Court of Sessions, inasmuch as the officers composing these Courts are persons charged by the Constitution expressly with the performance of judicial duties." (*Dickey* v. *Hurlburt,* 5 Cal. 343 ; *People* v. *The Town of Nevada,* 6 Cal. 144.)

No provision is to be found in the Constitution expressly directing or permitting a Justice of this Court to exercise any functions appertaining to either of the other departments of the Government.

It is very certain that the duties of Trustee of the State Library are not judicial, as may be seen by reference to the

Act. They properly fall within the sphere of the executive department of the Government.

This provision of the Constitution, so far as it relates to the judicial department of the State, is, in our judgment, eminently wise. One of its objects seems to have been to confine Judges to the performance of judicial duties; and another to secure them from entangling alliances with matters concerning which they may be called upon to sit in judgment; and another still to save them from the temptation to use their vantage ground of position and influence to gain for themselves positions and places from which judicial propriety should of itself induce them to refrain. In the same spirit was conceived the sixteenth section of Article VI of the Constitution, which declares that " The Justices of the Supreme Court, and the District Judges, and the County Judges shall be ineligible to any other office than a judicial office during the term for which they shall have been elected." The duties of Trustee, as we have already said, do not appertain to the judicial department of the Government, but in their nature are executive, and consequently cannot be performed either by the Legislature or judiciary, or by any person charged with the exercise of powers properly belonging to the legislative or judicial departments of the State. It therefore follows that the Chief Justice, who is charged, under the Constitution, with the exercise of powers belonging exclusively to the judicial department of the Government, cannot exercise the functions and duties of Trustee of the State Library.

### *When vacancy in office exists.*

II. The next question is, " Was there a vacancy in the Board of Trustees of the State Library to be filled at the time of the appointment of the relator by the Governor? "

The Act provides that the State Library shall be under the direction and control of a Board of Trustees, to consist of five members, as therein provided. It next provides that the Governor and the Chief Justice of the Supreme Court shall be *ex officio* members of the Board. This designation is not of

an individual or individuals by name, but of certain officers who, by reason of their character as officers, are declared by the Act to be members of the Board. The appellant in this case could not under the Act hold the position of Trustee except in his character of Chief Justice of the Supreme Court. As a Trustee he has no power to resign unless he resigns the office·on which it depends. There can be no vacancy of the place in the Board of Trustees, intended by the Act to be filled by the Chief Justice, so long as there is a Chief Justice, and no person other than that functionary can fill it, because the statute makes no provision for an incumbent of the place designed to be occupied in the Board by the Chief Justice, other than the person who may for the time be invested with the superior office. The relator cannot fill the place intended by the Act to be filled by the Chief Justice as such, because he does not possess the official character, which is essentially a condition precedent to his capacity and power to hold the place alleged on his part to have been vacant by constitutional consequence, when he was appointed to it by the Governor. The Legislature by the Act evidently intended that the Board of Trustees should consist of five members, and it is quite as evident that it was intended one of them should be the Chief Justice of the Supreme Court, and no other person; but as the Chief Justice was at the time and from thence hitherto has been constitutionally incompetent to perform the duties of Trustee, the Act as to him and the place to be filled by him was and is inoperative and void.

The conclusion to which we have come on this point is, that there was no place in the Board of Trustees to be filled at the time the relator was appointed, as set forth in the information, and that the appointment of the relator Trustee was without authority and void.

We, therefore, hold that the judgment of the Court below, excluding the appellant from the position of Trustee of the State Library and from the exercise of any duties appertaining thereto, should be and is hereby affirmed; and further, we hold

that the judgment of the Court below, adjudging that the relator, G. L. Simmons, is entitled to the position of Trustee of the State Library, and to exercise all the rights, privileges and franchises thereto belonging, and adjudging the said Simmons to be the legal and rightful occupant of such position should be, and the same is hereby reversed.

Mr. Justice SANDERSON did not participate in the decision of this case.