## ASHBURY *v.* SANDERS.

In the case of an absent person, from whom no tidings are received, the presumption of life ceases at the end of seven years.

To shorten this time, there must be evidence of some specific peril to the life of the individual.

The fact that a fugitive from justice had not been heard of for sixteen months, and that he was a passenger on a particular vessel bound for a specified port, and that neither the vessel nor crew had never been heard from, is not sufficient to raise a legal presumption of his death.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

This was an action to foreclose a mortgage executed by G. J. Hubert Sanders to plaintiff, to which his wife was made a party defendant, who, in her answer, set up as matter in abatement the death of her husband on the high seas. The remainder of this case is sufficiently stated, in the opinion of the Court. Judgment for defendant, and plaintiff appealed.

*G. P. Fobes and H. S. Love* for Appellant.

The Court erred in deciding that G. J. Hubert Sanders was dead, on the proof introduced, as a person is not presumed to be dead until after the lapse of seven years from the time he was last heard from. 1 Greenleaf on Evidence, § 41 and notes; 11 New Hampshire Rep., 191; 4 Whart. Rep., 150; 4 Whart. Rep., 173; 1 Barb. Ch. Rep., 455; 10 Pick., 515; 1 Starkie, 121.

*B. S. Brooks* for Respondents.

I presume there can be no question that a dead man cannot be sued; that the action is improperly brought if the defendant, G. J. Hubert Sanders, is dead; that the claim, like any other, must be presented to the administrator; that no suit can be brought affecting the estate until the claim has been passed upon by the administrator and rejected, unless by special leave of the Court; that the administrator is a necessary party to any such suit, and until an administrator is appointed no suit can be brought; that if the widow, or next of kin, or public administrator, will not take out letters of administration, the creditor may do it himself. I understand all this to be distinctly provided by statute, and in effect determined by the Supreme Court in the cases of Folsom's executors.

It appears to me equally plain that any party to the suit may set up in defence, either in abatement or bar, any matter which shows that the suit cannot be maintained. The plaintiff cannot sue a dead man; and the dead man can hardly be expected to plead his own disability. The objection is an unanswerable one. It shows conclusively that suit cannot be maintained, and it can only be taken advantage of by another defendant.

The cause went to trial on this issue of death, and the evidence was very conclusive of these facts:

That the bark Elvira Harbeck, Marshall, master, bound from this port to Manila, arrived at Honolulu, and sailed from that port the second day of May, 1855. That G. J. Hubert Sanders was a passenger on board, and was seen and conversed with on board at Honolulu by a gentleman residing there, and wrote from that port to his connexions here, speaking of his being on board of that vessel as a passenger. That he has never been heard from by his family since. That the Elvira Harbeck has never been heard from since her departure from Honolulu. That the insurance has been paid upon the vessel as a total loss, and the family of Capt. Marshall long since went into mourning for him as dead.

Upon these facts, very satisfactorily proved, the Judge before whom the cause was tried found that the defendant, G. J. Hubert Sanders, died before the commencement of the suit. The only material question in the suit, as I understand it, is, whether the evidence was sufficient in law to prove the issue.

BURNETT, J., delivered the opinion of the Court—MURRAY, C. J., concurring.

The only question of fact in this case, decided by the Court below, was the alleged death of Sanders, the defendant. It was shown, in proof, that Sanders left San Francisco in the bark Elvira Harbeck, for Manila; that said bark arrived at the Sandwich Islands on the second day of May, 1855, and soon left, with

Sanders on board, since which time nothing has been heard of him, or of the vessel, or any of the crew; that the insurance on the vessel, as a total loss, had been paid, and the relatives of the master and his wife, who were on board, went into mourning for them, and had given them up as lost. It was also shown that Sanders was indicted for a felony, and had absconded. The trial in the Court below was held on the seventeenth of September, 1856, being sixteen months from the time the defendant was last heard of. The case was tried without a jury, and the Court found the death of the defendant, and the plaintiff appealed to this Court.

This is one of those cases where a question of fact must be settled by presumption, without positive proof. Every system of law must, from necessity, indulge in presumptions in certain cases. The presumption may be arbitrary, but still indispensable. Questions must be settled, and all that can be done, is to adopt the most reasonable presumption that the case allows; and as presumptions must be indulged, in such cases, it becomes most important that some certain and consistent rule should be adopted.

The general rule upon this subject is concisely stated in the forty-first section of Greenleaf on Evidence: "Where the issue is upon the life or death of a person once shown to have been living, the burden of proof lies upon the party who asserts the death. But after the lapse of seven years without intelligence concerning the person, the presumption of life ceases, and the burden of proof is devolved on the other party." "But where the presumption of life conflicts with that of innocence, the latter is generally allowed to prevail."

In this case, it was not the simple fact that Sanders had not been heard of for sixteen months, but it was that fact, taken in connection with the other facts, that he was on board a *particular* vessel bound to a specified port, and that neither the vessel, nor any of the crew, had been heard from, upon which the Court below predicated its findings. It must be conceded that the presumption of the death of a particular person, under such circumstances, is much stronger than the mere fact of absence would ordinarily justify. But is the presumption, arising from such circumstances, sufficiently strong to overcome the presumption of life?

In the case of King & Mead *v.* Paddock, 18 Johns. R., 143, it was held, that when a man sailed in a vessel from New York, on a voyage to South America, and had not been heard of for twelve years, his death must be presumed. It is true, in that case, Spencer, C. J., said: "In the present case, the jury were authorized to presume his death in a much shorter period. The facts justified them in presuming Paddock's death, by the foundering or wreck of the vessel in which he left New York. The pre-

sumption does not rest merely on the fact of his not being heard from, but from the vessel not being heard of, nor any part of the crew."

It must be conceded that while the facts of that case are very different from the circumstances of this, still, the language of the Chief Justice would certainly convey the idea, that the proof would have been sufficient to establish the death within a much shorter time than that proved by the testimony. But it is not stated what period would have been held by the learned Judge as sufficient. In that case, Paddock was master of the vessel, while in this, Sanders was only a passenger, and a fugitive from justice. In the first instance, Paddock had every inducement to return home, while in the second, Sanders had every reason to remain abroad, and to conceal the fact of his existence from the people he had wronged.

In the case of Smith *v.* Knowlton, 11 N. H. R., 191, it was proven that Josiah D. Smith sailed as one of the crew of the schooner Sarah Atkins, from Portsmouth to the South Seas, in September, 1828, and that a letter was received from him, dated at the Falkland Islands, April 14, 1829, and that neither Smith, nor the schooner, had ever since been heard of, except by some rumors respecting the vessel, which had never been traced to any authentic source. In August, 1831, two years and four months after the date of the last information from Smith, a judgment was had against M. B. Trundy, as his trustee. This judgment was held to be good by the Superior Court of New Hampshire, upon the ground that the circumstances did not warrant the presumption of Smith's death. Parker, C. J., in delivering the opinion of the Court, said : " We are not aware of any rule or principle of law on which we can presume that Josiah D. Smith was dead in September, 1831, when the judgment was rendered against him, in the action in which defendant was charged as his trustee."

The Court refused to adopt the period of time after the expiration of which the statute of that State authorized a decree of divorce, when the husband or wife had been absent without having been heard from, as establishing any rule for the government of presumptions in other cases.

The opinion of the Supreme Court of Pennsylvania, delivered by Chief Justice Gibson, in the carefully considered case of Burr *v.* Sims, 4 Wharton, 150, seems to lay down the correct rule upon this subject. In that case the English rule was adopted, that in the case of an absent person, of whom no tidings are received, the presumption of life ceases at the end of seven years. It was also held that the presumption of death must only run from the termination of the period mentioned, unless there were circumstances given in evidence, to quicken the time. And in reference to what circumstances will take the case out of the rule,

the Chief Justice remarks: " In the case at bar, we must say there was an error in leaving the jury to presume the death to have been at an intermediate period, unless we discover in the case at least a spark of evidence that the individual was, at some particular date, in contact with a specific peril, as a circumstance to quicken the operation of time. The circumstance relied on is, the departure of the individual by sea; but the perils of the sea are general, not specific, and they are not present, but contingent."

The rule laid down by Chief Justice Gibson seems to be the most reasonable, simple, and certain. For these reasons, I think the judgment of the Court below should be reversed, and judgment should be entered in that Court for the plaintiff.