## SUCCESSION OF GEORGE CHARLES WILLIAM VOGEL.

16  139
108  349
16  139
115  374
16  139
116  223

A supposed loss of life by reason of a shipwreck, an earthquake, a war, a plague, an explosion, and like perils, is within the sound discretion of the Judge to determine, founded on the facts of each particular case.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *C. Roselius*, for appellant.

DUFFEL, J. The object of this suit is to obtain the probate of the testament of *George Charles William Vogel* on the ground of his alleged death.

It appears from the evidence, that *Vogel* disappeared very suddenly from his usual domicil in the city of New Orleans, on the 6th of January, 1858, without intimating his intention to any one, or making any preparations for a voyage, and, it is supposed, without any amount of money, or other clothes than those on his person. He is represented as having been devoted to his wife and three children, regular in his habits, careful of his health, a man of fortune and high moral principles. He had, however, of late, been laboring under a depression of mind, produced by the belief of an incoming crisis in the commercial world ; (he was, at the time, a member of the commercial firm of *Schmidt & Co.*, (of this city), but it does not appear that his state of mind was such as to cause any uneasiness to his family and friends.

The District Judge, after a careful review of the facts of the case, rejected the demand. Our learned brother very cogently remarks, " Disappearances such as his are not, unfortunately, of rare occurrence. Like instances are numerous ; men apparently as happy in their domestic relations as he was, who in social position, in wealth, in the success of gratified ambition, were his equals, have been known to leave every thing which is commonly looked upon as making life dear, to wander off among strangers and perils, and bury themselves for years, without leaving a trace behind them, in places and among people who were strange, and it would be thought, repulsive to their tastes, their habits, and repugnant to those principles of honor and virtue which are the foundations of an honest domestic society."

It is contended by the learned counsel of the appellant that the general features of our code, under the title of absentees, were taken from the Napoleon Code under the same title, and that the case at bar does not come within the scope of either.

While we admit the great similarity of the two systems, we think that they were nevertheless intended to govern, *primarily*, all cases of absence, by sudden disappearance or otherwise ; unless, and this is the exception, the disappearance be of such a character as to force on the mind the irresistible conviction of death. Such for instance, as a supposed loss by reason of a shipwreck, an earthquake, a war, a plague, an explosion, and like perils. And it is essentially within the exclusive province of the Judge to draw the line of distinction, by the exercise of a sound discretion, founded on the facts of each particular case.

We were not referred to any adjudged case, to the point, in France, and we have been unable, in our researches, to find a parallel in the Journal du Palais ; but we know that none such exist in our State Reports.

The principle contended for, would, if sanctioned, be demoralizing in its effects, and tend directly to relax family ties.

The vast extent of our territory, the unbounded freedom of ingress and egress, and the characteristic propensity of our race for exploration, novelty and the acquisitions of wealth, fame and science, must have their weight in determining cases of absence by sudden disappearance ; and when viewed in the above aspect, we cannot bring our mind to the irresistible conviction, from the facts disclosed, that the disappearance of *Mr. Vogel* can only be attributed to an untimely end.

For the reasons assigned, the judgment of the court *à quâ* is affirmed.