and the subsequent renewals were based upon the same consideration.

The judgment should be affirmed, with costs. All concur.

---

STRAUB v. GRAND LODGE A. O. U. W. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

INSURANCE—PROOF OF DEATH OF INSURED—EVIDENCE.
    Evidence that insured, a steward on a ship, went on shore at a port, that the hat which he had on at the time was found in his cabin, and that since then nothing had been heard from him for three and a half years, is insufficient to prove his death.

Appeal from circuit court, New York county.

Action by Mary E. Straub against the Grand Lodge Ancient Order of United Workmen of the State of New York. From a judgment for defendant, dismissing the complaint after trial at circuit, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

E. W. S. Johnston, for appellant.
I. B. Barrett, for respondent.

VAN BRUNT, P. J. This action was brought upon a benefit certificate issued by the defendant, a corporation organized and existing under the laws of this state as a mutual benefit or mutual relief fund society upon the co-operative plan, for the benefit of its members. The only question in the case is whether the plaintiff gave sufficient evidence to carry the case to the jury, as to whether John Straub was dead. It appears from the evidence of one Bryant, the captain of the schooner Carrie E. Woodbury, that the plaintiff's husband shipped on board the schooner as steward, sailing from this city in June, 1889, and that in July the schooner arrived at the port of Brunswick, Ga., at which time Straub was on board the vessel. On the 17th of July, while the schooner was at the dock at Brunswick, he got three dollars from the captain, and, after supper, cleaned himself up, and went ashore. This was the last that was seen of him by the captain. The next morning a black Derby hat was found in his cabin, which the captain said looked like the one that Straub had on. This hat he sent to the wife of Straub, who identified it as the hat of her husband, but did not recollect that there was any brand upon it, although it appeared from the other evidence in the case that it was a Dunlap Derby. Some testimony was given in reference to what the mate told the captain, which testimony the court, in ruling upon the case at the close of the evidence, properly disregarded, as appears by the opinion rendered. From the time mentioned, Straub has never been seen, Efforts were made to discover his whereabouts, and much irrelevant and incompetent testimony was received upon that point; but nothing was heard of him by his family, or by friends with whom

he had been accustomed to correspond. Upon this state of the evidence, the court dismissed the complaint. In this ruling of the court, we do not think there was any error. It is undoubtedly true that, in order that the statutory presumption of death may arise, the length of time may be abridged by proof of facts and probabilities that life has been destroyed, and that it may arise whenever the facts of the case warrant it, and that, when one when last heard from was in contact with some specific peril, that circumstance may raise a presumption of death, without regard to the duration of absence. But in the case at bar none of these features is present. The alleged deceased left the vessel and went ashore, and possibly may have returned,—but as to this there is no legal evidence,—and has not since been heard from; a little over three and a half years having elapsed before the commencement of this action. We have not found any authority which will sustain a presumption of death upon such slight evidence.

We think the judgment appealed from should therefore be affirmed, with costs. All concur.