on the 1st day of the month, the defendant was bound to pay the February rent, and also the March rent, prior to March 2d, on which day the landlord began making repairs. MacKellar v. Sigler, 47 How. Prac. 20. The plaintiff, however, cannot have judgment for the rent after April 13th, when Mr. Patterson went into possession. Evidently it was an inducement to or a condition of the lease to Mr. Patterson that he should have the right to occupy the premises from April 13th to May 1st free of rent, but the plaintiff had the benefit of this possession, and exercised dominion over the premises during that period.

The judgment must be modified by deducting $17/30$ of a month's rent, and, as modified, affirmed, without costs of this appeal to either party. All concur.

(57 App. Div. 214.)

### NELSON v. MASONIC MUT. LIFE ASS'N.

(Supreme Court, Appellate Division, Second Department. January 31, 1901.)

LIFE INSURANCE POLICY—INSURED'S DEATH—PRESUMPTION—EVIDENCE.

> Insured disappeared on August 20, 1897. On that day he invited friends at two different times to go bathing with him, which they declined. This was the last time he was seen. His clothes were found the next day, locked in a bathing pavilion. Among his papers was a check drawn on a bank in which he had no money, and he was in arrears for both house and office rent. His habits were regular, and his domestic relations happy, and he was in good health. The guard at the life line at the bathing place, whose attention was called immediately to the matter, did not see any such person in the water on the day in question. *Held* insufficient to make out a prima facie case of insured's death.

Action by Laura Adelaide Nelson against the Masonic Mutual Life Association. Judgment directed for defendant, and exceptions ordered to be heard in the appellate court in the first instance. Exceptions overruled.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

J. Stewart Ross, for plaintiff.
L. Laflin Kellogg (Alfred C. Pette, on the brief), for defendant.

WOODWARD, J. William G. Nelson was the husband of the plaintiff in this action, and the latter is the beneficiary under a policy of insurance written by the defendant upon the life of Mr. Nelson on or about the 11th day of December, 1896, for $5,000. The pleadings allege that on the 20th day of August, 1897, at the city of Brooklyn, said William G. Nelson died; that his death was not caused by any of the matters excepted in said certificate of insurance; and that both he and the plaintiff had fulfilled all of the conditions of said policy on their part to be kept and performed. The answer admits the issuing of the certificate, but denies any knowledge or information sufficient to form a belief as to the death of said Nelson, and also denies on information and belief that he and the plaintiff each fulfilled the terms and conditions of the said certificate to be performed by them. Upon the trial the evidence was directed to the support of the plaintiff's claim, and at the close of the evidence the court, on motion of the defendant, directed a verdict in favor of the defendant, the exceptions to be heard in

the first instance by this court. The only question on which the plaintiff asked to go to the jury was as to the death of her husband on the 20th day of August, 1897, and we are to determine whether there was any evidence on which the plaintiff could properly demand the submission of this question to the jury. The facts which may be deemed to have been established by the evidence are as follows: Mr. Nelson was a patent solicitor, with offices at 108 Fulton street in the borough of Manhattan. On the 20th day of August, 1897, he requested one John M. Smith to go with him to Coney Island for a swim; and subsequently, on the same day, requested one Adolph Aaron to go to Brighton with him for the same purpose. Neither of these parties accompanied Mr. Nelson, and there is no witness produced who saw him after the interview with Mr. Aaron, which occurred in the office of Mr. Nelson in New York. On the morning of the 21st day of August, 1897, the manager of the Brighton Beach Bathing Pavilion, in examining the bath houses of the pavilion, found the door of room No. 27 locked, and on opening the door found a man's clothes there, consisting of an entire suit of clothing, underclothing, hat, socks, shoes, with a pocketbook containing certain papers and memorandum, and, among other papers, cards bearing the name William G. Nelson. This clothing was subsequently identified as being the property and effects of William G. Nelson, the husband of the plaintiff, and the same clothing worn by him from his home on the morning of August 20th, and efforts were subsequently made to ascertain of the existence in life of William G. Nelson, but he has never been heard from since that date. Mr. Nelson had an appointment to meet a Mr. Cummings on the evening of August 20th, and among the papers found in the bathing house pavilion was a check drawn to the order of Mr. Cummings by William G. Nelson for $41.69; but it appears from the evidence that he had practically no money in the bank on which this check was drawn, and that he was in arrears both for his office and house rent. It was established that Mr. Nelson was regular in his habits; that he was rarely away from home without his wife with him; that his habits were domestic, and that his relations with his wife were pleasant; that he appeared perfectly well on the 20th of August, was of a happy disposition, and never left home without communicating with his wife. Upon this foundation the plaintiff asked to go to the jury upon the theory that the insured had, while bathing at Brighton Beach, been drowned on the day mentioned in the complaint as the date of his death. There was evidence in the case on the part of the defendant that the man on guard at the life line had been present at the bathing grounds at all of the times when the insured might have been there; that he saw no such person; that the matter was called to his attention on the finding of the clothes next day, so that he was in no wise confused upon the point; and that no one, so far as he knew, was seen to struggle or to appear in danger. But, independently of this and other matters brought out in the evidence (among them being that, although the insured was in the habit of wearing a watch and chain, neither of these articles was found in the room with the clothing, nor was there any evidence that the watch had been deposited with the manager or clerk, who usually takes

charge of such articles), we are unable to find any evidence which would justify a jury in finding that the insured died on the 20th day of August, 1897. The general rule is that the proof of the death of a person once living is incumbent on the party who asserts the death, for it is presumed that the person still lives until the contrary is proved (O'Gara v. Eisenlohr, 38 N. Y. 296, 299, and authorities there cited), and this presumption continues at common law during a period of seven years, where there are no tidings of the absent one. In the case before us the insured was last seen in a safe place. He was in his office in the city of New York, and the only evidence that he was at Brighton Beach on the day mentioned is furnished by the finding of his clothes in one of the rooms on the bathing pavilion, and even this evidence is materially weakened by the fact that his watch and chain are not accounted for. It is undoubtedly true that the length of time which must elapse in order that the presumption of death may arise may be abridged by proof of facts and probabilities that life has been destroyed, that it may arise whenever the facts of the case warrant it, and that, when one last heard from was in contact with some specific peril, that circumstances may raise a presumption of death without regard to the duration of the absence (Straub v. Lodge, 2 App. Div. 138, 37 N. Y. Supp. 750); but in the case at bar none of these features are present. The insured, when last heard from, was in a safe position; and, even had it been certain that he was at Brighton Beach on the day mentioned, the peril of bathing at a public bathing place in the presence of large numbers of people, on a still, clear day, with life lines stretched, and a man on guard in a boat, is not such a specific peril as to bring the insured within the exception to the general rule, under the conditions which were shown to exist on the day mentioned. It is clearly not the law of this state that death may be established on evidence so slight as that introduced by the plaintiff in this action, and the rule emphasized by Laidlaw v. Sage, 158 N. Y. 73, 97, 52 N. E. 679, makes it improper to submit to the jury evidence which is insufficient to sustain the claim of the party upon whom the onus rests.

The exceptions should be overruled, and judgment in favor of the defendant entered, with costs. All concur, except SEWELL, J., taking no part.