## No. 14,155.

### WIDOW FANNY STERRETT vs. CLINTON SAMUEL.

#### SYLLABUS.

1. In 1854 two slaves, with the consent of their owners, were married—a minister of the gospel performing the ceremony. They lived together as man and wife and children were born to them. After being freed they continued to live together as man and wife. *Held*—A legal marriage.

2. Where the husband's home was in the City of New Orleans, where his wife and only surviving child, a girl, resided, and he is shown to have left home in 1867 on shipboard bound for a nearby port, where yellow fever was raging, and the boat is shown to have left there for some other and more distant port, and neither the boat nor the man ever returned, or were heard of again, the lapse of thirty-five years and absence under such circumstances are sufficient to justify the conclusion that the man is dead.

APPEAL from the Civil District Court, Parish of Orleans—*Théard, J.*

---

*Chaffe & Bowers,* for Plaintiff, Appellee.

*Carroll & Carroll,* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. Defendant married, some years ago, the daughter of plaintiff. There was no issue of the marriage.

The wife died in April 1900, intestate.

Some property, real and personal, had been acquired during the marriage and the same pertained to the community which existed between the spouses.

The succession of the wife was opened by her mother (plaintiff herein), who represented herself as being the only living ascendant and only heir of the deceased.

She declared her acceptance, pure and simple, of the succession, prayed to be recognized as the sole heir and, as such, sent into possession.

On proof administered in support of her averments, there was judgment in accordance with this prayer.

The estate consisted only of the wife's undivided interest in the community property.

Some months later, she instituted the present suit against the surviving husband and partner in community for a partition of the community property. She prayed its partition by licitation, since it was not susceptible of division in kind.

Defendant answered admitting the existence of the community of acquets and gains between himself and his deceased wife, and that if plaintiff be the heir, as claimed by her, she is entitled to the partition sought, which can be effected only by sale of the property and effects.

But he denied that plaintiff is the heir. He asserts his wife was the illegitimate daughter of plaintiff and Albert Sterrett, the putative father; denies that plaintiff was ever married to Albert Sterrett.

He avers his wife to have had only the status of *natural* daughter of the plaintiff, and that he, as husband, inherits in preference to the natural mother.

He represents that even if the plaintiff were ever lawfully married to Albert Sterrett, and even if his dead wife were the issue of such marriage, proof is lacking that Albert Sterrett is dead, or that he left no children or other heirs entitled to inherit from his (defendant's) wife.

In case his plea of no marriage between Albert Sterrett and the plain-

tiff be not sustained, and in case his contention that Albert Sterrett is not dead be denied, he claims in reconvention against the community certain sums due him by the community, asks recognition of same in the community settlement, etc.

There was judgment sustaining the plaintiff's demand, decreeing the partition by licitation of the community estate, and adjusting the claims set up by the defendant against the community, sustaining the same in part and rejecting the same in part.

Defendant appeals.

*Ruling*—These parties are people of color. Albert Sterrett and Fanny Wiggins (now plaintiff) were slaves in Alabama prior to the civil war.

The evidence establishes to our satisfaction, as it did to that of the trial judge, that they were married in or about the year 1854 in Alabama.

The marriage took place in the dining room of the house of the owner of Fanny Wiggins, and was performed by a white minister of the gospel in the presence of the white people of the family.

The couple thereafter lived together as man and wife, and a daughter, Susan, who became the wife of defendant, was born in about a year after the marriage. Another child was born, but it died in infancy.

Albert Sterrett went to the war as the body servant of an officer in the Confederate Army and afterwards, when peace was declared, he returned to his wife and child in Alabama, subsequently removing with them to New Orleans, where he took up his residence.

He was a barber by trade and pursued his calling, in the main, upon steamboats.

At the time of the yellow fever epidemic of 1867 he left New Orleans on a boat bound for Mobile. He was seen at Mobile by relatives and connections he had there and whom he visited.

His boat then left Mobile, it is thought, for Havana. There is evidence that neither the boat nor crew were ever heard of afterwards. Certain it is that Albert Sterrett has never been seen or heard of since. This was thirty-five years ago.

Satisfied, as we are, there was a legal marriage between Albert Sterrett and the plaintiff herein, and that defendant's wife was the legitimate daughter of the marriage, the question arises as to the disappearance and long absence of Albert Sterrett and the effect it is to be permitted to have on the issue here raised.

Where a person's home was in the City of New Orleans, where his wife and only child, a girl, resided, and he is shown to have left home on shipboard for a near-by port, where yellow fever was raging, and the boat is shown to have left there for some other more distant port, and neither the boat nor person ever returned, or were heard of again, the lapse of thirty-five years and absence under such circumstances are sufficient to justify the conclusion, in a case like this, that the man is dead.

This court announced a similar doctrine in Jameson vs. Smith, 35 La. Ann. 609—the facts of which are quite similar to those of the instant case.

And in Boyd vs. Ins. Co., 34 La. Ann. 848, the court said:—

Absence, without being heard of, though not of sufficient duration to create a legal presumption of death, may yet be one of other attendant and supporting circumstances which, taken together, would satisfy the mind and conscience of the judge or jury that the party was dead. This is all that is required.

Again in Succession of Vogel, 16 La. Ann. 139, the court held:—

A supposed loss of life by reason of a shipwreck, an earthquake, a war, a plague, an explosion, and like perils, is within the sound discretion of the judge to determine, founded on the facts of each particular case.

The record discloses with sufficient certainty that defendant was the only surviving child of Albert Sterrett at the time of his disappearance.

With regard to the community settlement—the separate claims of the husband against the community and their adjustment—we see no reason to disturb the findings of the trial court.

Judgment affirmed.

Rehearing refused.