January 10, 1910.

---

No. 4811.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF GEORGE DEVEZIN.

John Dymond, Jr., and A. E. Hebert for appellant.

Geo. Sladovich and L. Saxon for appellee.

GODCHAUX, J.—This action was instituted by Francis Lewis, by her son, George Devezin and by the children of Marcelline Devezin, her daughter, deceased, representing themselves as widow, son and grandchildren, respectively, of George Devezin, Sr., against his succession and against Caroline Reed, who, having been named in the will of George Devezin as his testimentary executrix and universal legatee, and claiming to be his surviving widow, had opened his succession and taken proceedings for its settlement. The plaintiffs claim the entire succession, and found their rights upon a slave marriage in 1850 between the testator and the plaintiff, Francis Lewis. The judgment of the lower Court recognized the validity of this marriage and at the same time recognized the defendant, Caroline Reed as the putative wife of the deceased under a marriage contracted in good faith in the year 1880 and decreed that the estate should be divided equally between Caroline Reed and Francis Lewis, or rather her heirs, for she died pending the suit.

To the extent that the judgment is in favor of Caroline Reed in decreeing her entitled to one-half of the estate, it is final in her favor, for the plaintiffs have not appealed nor answered her appeal in this court.

George Devezin, Sr., and Francis Lewis were slaves of the same master on the Frere Plantation, in the Parish of St. Mary. In 1850, with the consent and approval of their master, they were publicly married in his house in the presence of a large assembly, and in accordance with the custom and forms then prevailing for celebrating slave-marriages, a man by the name of Wells, who offi-

— 112 —

ciated at all slave marriages in the locality, performing the ceremony. As a result of this union there were born, prior to 1862, George Devezin, one of the plaintiff's, and Marceline Devezin, the mother of all the other plaintiffs, except Francis Lewis herself.

In 1862 George Devezin, Sr., who meanwhile had lived constantly with Francis Lewis, joined the army and left the plantation, taking with him another slave woman, named Anna Jenkins. He returned to the plantation in 1863, remaining there a short time only, when, accompanied by Anna Jenkins, he moved to New Orleans, where he engaged in business and continued living with Anna Jenkins, apparently as man and wife, until she died in 1874. Meanwhile, from 1863 until at least as late as 1870, he made frequent visits during each year to the plantation, these visits covering several days, and on each occasion he lived at the home of and slept with Francis Lewis and continued to bear in the community the reputation of still being her husband.

Then his visits ceased in 1870 and in 1874 Francis Lewis took up with a man by the name of George Spady, with whom she lived until he died about a year later. In 1880 George Devezin, Sr., formally married Caroline Reed, the defendant, in the City of New Orleans, and they lived here as man and wife until he died in 1907. This marriage, on the part of Caroline Reed was undoubtedly in good faith and without knowledge on her part of his previous marriage or relationship to Francis Lewis. She did know that he had a son named George Devezin, Jr., but she was led to believe that he was a natural son. George Devezin, Sr., had no issue by this marriage nor through his relationship with Anna Jenkins.

It further appears that in December, 1868, George Devezin, Sr., and Francis Lewis executed in the Parish of

St. Mary the formal declaration as to their marriage authorized by Act No. 210 of 1868. The original of this declaration was shown to have been lost, and this necessitated proof by secondary evidence in the form of a copy of the original. The declaration is in all respects in full conformity with the statute with the single exception that it is not executed before a notary public as the statute requires, but before the Clerk of Court, an officer who, at the time, apparently did not occupy the position of **ex officio** notary public, as Clerks of court do to-day.

It is upon these facts that the Court must determine whether or not Francis Lewis was the lawful wife of the decedent.

It is well settled that a slave marriage celebrated in accordance with the custom and forms then prevailing and with the consent and approval of the master, remained dormant during slavery, but produced, after emancipation, all the civil effects which result from a marriage among free persons, provided that after emancipation the dormant slave marriage is ratified either by consent or by a declaration executed in accordance with the statute of 1868.

Constant cohabitation or living together after emancipation has been held to be sufficient proof of ratification by conduct, and it is doubtful whether ratification by formal declaration before a notary public in conformity with the Act of 1868 is at all necessary in a case where there has in fact been a slave marriage formally and publicly celebrated with the consent and approval of the master. In the present case the frequent periodical visits of the decedent, after emancipation, to Francis Lewis and his living with her upon these occasions, constitute ample evidence of cohabitation to justify the Court in finding that the slave marriage was ratified, and the declaration made before the Clerk of court, though strictly insufficient and informal under the provisions of the Act of

1868, which required that same be executed before a notary public, furnishes most convincing evidence of the intention of the parties to ratify and make valid this marriage.

The facts of this case present much stronger features than are disclosed in the adjudged cases wherein such marriages have been held valid:

> Girod vs. Lewis, 6 Martin, 559.
> Pierre vs. Fontenette, 25 An. 617.
> Succession of Pierce, 30 An. 1168.
> Ross vs. Ross, 34 An. 860.
> Barrett vs. Samuel, 108 La. 346.
> Succession of Thomas, 1 Ct. of App. 124.
> S. C., 114 La., p. 693.
> Johnson's Heirs vs. Raphael, 117 La. 967.
> Succession of Walker, 121 La. 865.

All the property of the estate was acquired during decedent's marriage with Caroline Reed, and the appellant cannot complain of its division between the community produced by her marriage with decedent and the community existing by reason of his prior marriage to Francis Lewis, for such a division has been repeatedly held proper by the Supreme Court.

> Hatton vs. Philadelphia, 1 An. 98.
> Hubbell vs. Inkstein, 7 An. 252.
> Jermann vs. Tennease, 29 An. 1021.
> Jermann vs. Tennease, 44 An. 620.

We find no error in the judgment appealed from, and it is accordingly affirmed.

St. Paul, J., recused, having decided the case in the court below.