## HARVEY v. FIDELITY & CASUALTY CO.

(Circuit Court of Appeals, Sixth Circuit. December 3, 1912.)

No. 2,265.

1. INSURANCE (§ 622*)—ACTIONS ON POLICIES—LIMITATION BY PROVISIONS OF POLICY.

Reasonable provisions in an insurance policy, limiting the time for suit thereon, are valid, and, unless waived, are binding upon the parties.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1544–1550; Dec. Dig. § 622.*]

2. INSURANCE (§ 622*)—ACTION ON POLICY—LIMITATION BY PROVISIONS OF POLICY.

An accident policy provided that, in case of death of the insured, an action on the policy must be brought within six months after the death. Insured disappeared from a vessel on which he was a passenger under circumstances which, as shown by the undisputed testimony, rendered it

impossible that he could have been rescued or reached land. Within a month plaintiff applied for and was granted letters of administration on his estate, and presented proofs of death.; but the claim was rejected on the ground that it was not shown that death resulted from a cause within the policy. Nearly four years afterward an action was commenced on the policy. There was no evidence of the death of insured at any other time or in any other manner than as shown in the proofs previously submitted, nor was the death at any time denied by defendant. *Held*, that in the absence of waiver, or of any excuse for the delay, the action was barred by the limitation in the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1544–1550: Dec. Dig. § 622.*]

3. DEATH (§ 4*)—CIRCUMSTANTIAL EVIDENCE.
Death, like any other fact, may be proved by circumstantial evidence alone.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 5, 6; Dec. Dig. § 4.*]

In Error to the Circuit Court of the United States for the Western District of Michigan; Arthur C. Denison, Judge.

Action at law by Frances Harvey against the Fidelity & Casualty Company. Judgment for defendant, and plaintiff brings error. Affirmed.

John W. Shine, of Sault Ste. Marie, Mich., for plaintiff in error.

Davidson, Hudson & Green, of Sault Ste. Marie, Mich., for defendant in error.

Before WARRINGTON and KNAPPEN, Circuit Judges, and SESSIONS, District Judge.

SESSIONS, District Judge. On January 4, 1905, the defendant issued to plaintiff's husband, Thomas R. Harvey, an accident insurance policy in which plaintiff was named as beneficiary. On January 4, 1906, the policy was duly renewed for a term of one year. The material provisions of clause 14 of the policy, relating to notice and proof of claim and commencement of suit, were as follows:

"14. Written notice as early as may be reasonably possible must be given the company at New York City of death or disability for which a claim is to be made, with full particulars thereof, and full name and address of the assured. Affirmative proof of death * * * must also be so furnished to the company within two months from the time of death. * * * Legal proceedings for recovery hereunder may not be brought before the expiry of three months from date of filing final proofs at the company's home office, nor brought at all unless begun within six months from time of death. * * * Claims not brought in accordance with the provisions of this ·paragraph will be forfeited to the company."

In the spring of 1906, Mr. Harvey made a business trip to Buffalo and other Eastern cities, and on his return took passage at Cleveland, Ohio, on the freight steamer Goodyear, also licensed to carry a limited number of passengers, for Sault Ste. Marie, Mich., where he resided. He had no baggage. About 4 o'clock in the afternoon of April 22d he stated that he was not feeling very well and retired to his stateroom. He was never seen again. About two hours later the captain of the boat went to Harvey's room to call him to supper, and then discovered

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that he was missing. His shoes, outer clothing, collar, watch, and pocketbook were in the stateroom. A thorough, but unsuccessful, search was made. The steamer was turned back upon her course to the point where he was last seen, without finding any trace of him. At the time of Mr. Harvey's disappearance, the vessel was off Thunder Bay Island, in Lake Huron, at least four miles from shore. There was a stiff breeze and considerable sea. The temperature was nearly at freezing. No other boats were in sight. The members of the ship's crew are agreed that no person could have lived in the cold water to reach shore, and that there was no possible chance of escape or rescue. The Goodyear did not stop at any port until she reached Sault Ste. Marie, where the disappearance of Mr. Harvey was reported and a further unsuccessful search made for him.

On May 12, 1906, the plaintiff made application to the probate court of Chippewa county for letters of administration upon the estate of her husband, filing the usual verified petition therefor, which was granted on June 9, 1906. On May 15, 1906, plaintiff filed with defendant's local agent at Sault Ste. Marie proofs of death, with the affidavits of the captain, first mate, chief engineer, second engineer, and wheelsman of the steamer Goodyear, stating in detail the circumstances and particulars of the disappearance of Mr. Harvey and their positive convictions that he was drowned. These proofs were forwarded to the defendant by its local agent, with a letter stating that a full investigation had been made, and recommending the payment of the claim. In reply defendant's accident examiner sent the following letter:

"New York, May 21, 1906.

"The Victor E. Metzger Ins. Agency, Sault Ste. Marie, Mich.—Dear Sir:— In re Thos. R. Harvey, policy No. 3105601. Mr. Benson sent us, under date of May 16th, your letter to him of May 15th, signed W. H. King, and several statements relative to the death of Mr. Harvey. The statements are all to the effect that Mr. Harvey must have been drowned, because he disappeared from the boat, and there was no way of saving him. That, however, is not sufficient proof that the death of Mr. Harvey was from causes covered by the accident policy; that is to say, the beneficiary must prove that death resulted directly and independently of all other causes from bodily injuries sustained through *external, violent and accidental means* (suicide, sane or insane, not included). The fact that he disappeared from the ship is not sufficient ground upon which to base a claim under the accident policy. If you will please bring this to the attention of the beneficiary or those representing her, you will much oblige,        Yours truly,        Alfred Tyrrill, Accident Examiner."

Defendant's local agent sent a copy of the above letter to plaintiff's attorneys, with a request for an early reply. No reply was given, and nothing further was done until November 18, 1907, when plaintiff's present attorneys wrote the defendant, asking if proofs of death had been filed, and what action had been taken. On November 25, 1907, the defendant replied, stating that the claim had been rejected, and denied any liability. This suit was commenced February 3, 1910. At the close of the plaintiff's proofs, Judge Denison, who presided at the trial, directed a verdict for defendant, upon the ground that plaintiff had not brought her action within the time specified in the policy, and therefore could not recover. This ruling presents the only question requiring consideration.

The contention of plaintiff that defendant's pleading was insufficient to permit the defense made may be disregarded, because the alleged defect was not in any way called to the attention of the lower court at the time of the trial. Defendant gave notice of such defense, and based its motion for a directed verdict upon that ground. It is now too late to challenge the sufficiency of the pleading.

[1] Reasonable provisions in an insurance policy limiting the time for suit thereon are valid, and, unless waived, are binding upon the parties. Riddlesbarger v. Hartford Fire Ins. Co., 7 Wall. 386, 19 L. Ed. 257; Harris v. Phœnix Ins. Co., 149 Mich. 285, 12 N. W. 935; Turner v. Casualty Co., 112 Mich. 425, 70 N. W. 898, 38 L. R. A. 529, 67 Am. St. Rep. 428. Plaintiff contends that defendant's letter of May 21, 1906, above quoted, constituted a waiver of its right to rely upon the limitation provisions of the policy. The letter itself is a refutation of this contention. In it the defendant impliedly admitted the death of Mr. Harvey, and denied liability solely upon the ground that the proofs did not show that his death was caused by accident within the terms of the policy. There was no request for delay, or for further proofs of death, and no intimation that the defendant intended to waive any of its rights under its contract. Harris v. Phœnix Ins. Co., supra.

[2] Plaintiff's main contention, however, is that her right of action will not finally and certainly accrue until the expiration of seven years from the time of the disappearance of her husband, when, if he is not heard from in the meantime, the legal presumption of his death will arise, and, therefore, that, under the circumstances, the provision in the policy limiting the time within which suit must be commenced is unreasonable, and cannot be urged and enforced against her. But she did not wait the length of time required to create the legal presumption of death before commencing her suit, and the disappearance of her husband was not unexplained; hence the proof of his death has not been materially strengthened by the lapse of time.

[3] Death, like any other fact, may be proved by circumstantial evidence alone. Fidelity Mutual Life Association v. Mettler, 185 U. S. 308, 22 Sup. Ct. 662, 46 L. Ed. 922; Northern Pac. Ry. Co. v. King, 181 Fed. 913, 914, 104 C. C. A. 351; The San Rafael, 141 Fed. 270, 72 C. C. A. 388; Owners of Ship Swansea Vale v. Rice, [1912] A. C. 238. Here the known circumstances and conditions surrounding the disappearance of Mr. Harvey establish the fact of his death by drowning even beyond a reasonable doubt. Plaintiff almost immediately applied for and obtained from the probate court letters of administration upon his estate. Defendant has at no time denied the fact of his death. No one with knowledge of the facts has, at any time, had any doubt as to his death having occurred between 4 and 6 o'clock in the afternoon of April 22, 1906. The sole subject of controversy has been the manner and cause of death. The rules of law relating to unexplained disappearance have no application to the case here presented. In re Miller's Will, 67 Misc. Rep. 660, 124 N. Y. Supp. 825.

No legal excuse or justification is shown for plaintiff's long delay in commencing suit, and the trial judge did not err in directing a verdict for defendant.

The judgment of the Circuit Court is affirmed, with costs.