[Civ. No. 3831. First Appellate District, Division Two.—June 17, 1921.]

ALICE LESSER, Respondent, v. NEW YORK LIFE INSURANCE COMPANY (a Corporation), Appellant.

[1] Life Insurance—Death of Insured—Circumstantial Evidence. In an action on a policy of life insurance, where the deceased disappeared and no trace of him or of his body was found thereafter, evidence that he was last seen on a certain date near where he was accustomed to going in bathing, and that his clothes were later found in one of the bath-houses, evidence of his conduct toward his wife during their married life, showing that he was very affectionate and very attentive, evidence of his financial condition, showing him to have been possessed of some wealth and a substantial income, and other evidence, such as his lodge affiliations, tending to show the improbability of absence due to

1. Facts sufficient to raise presumption of death from absence for less than seven years, note, **Ann. Cas.** 1916B, 67.

any cause other than death, is properly admitted to prove the fact
and exact date of death.

[2] ID.—ADMISSION OF PROOFS OF LOSS—LACK OF FORMAL RULING—
WAIVER OF OBJECTION.—In such action, where the proofs of loss
presented by the beneficiary were identified by her and it was
stipulated that they were received by the defendant, but the
court's ruling on their admission in evidence was suspended on
the request of the attorney for the defendant, and no valid ob-
jection appearing to have been made to their admission, the
papers being free from any objection if one had been made, the
defendant will not be heard on appeal to complain that the trial
court omitted to make a formal ruling on the admission of the
proofs of loss.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Meserve & Meserve for Appellant.

J. F. Clark and W. R. Law for Respondent.

STURTEVANT, J.—The plaintiff sued the defendant to
recover on a certain insurance policy. The jury returned
a verdict in favor of the plaintiff, and from a judgment
entered thereon the defendant has appealed.

[1] Emil Lesser, the husband of the plaintiff, was last
seen at Venice, Los Angeles County, on the second day
of November, 1915; at that time he was within a few feet
of the bathing-house where he was accustomed to go in
bathing two or three times a week. In her complaint the
plaintiff alleged that death occurred November 2, 1915, and
the proof which she introduced to substantiate her allegation
consisted wholly of circumstantial evidence. The plaintiff
and the insured were married in 1896 at Birmingham, in
the state of Alabama. In 1912 they removed to California,
and at the time of the disappearance of the insured the
family was residing at a house on East Adams Street. At
that time the family consisted of the husband and wife,
a daughter, the wife's niece, and her nephew, and Mr. and
Mrs. Minnis. During their married life the husband's con-
duct toward his wife was very affectionate, and very atten-
tive. He left the house in the morning at about 8 o'clock

daily, and returned home about 6 o'clock in the evening. The wife was an invalid and her husband remained at home during the evenings excepting such evenings as he went to lodge. He was a member in good standing of the Masons, the Elks, the Odd Fellows, and the Knights of Pythias. In Birmingham he had been a member of the Press Club and had also been a member of the police commission. At the time of his disappearance he owned equities in properties in Alabama and Los Angeles of a net value of $23,000, and one of the properties in Los Angeles, the Hotel St. George, was paying him net about $750 a month. He had been in the habit of going to Venice once or twice a week to take a bath. During the forenoon of the second day of November he left the hotel saying that he was going to the beach and, later in the day, he was seen within a few feet of the bath. At that time he was dressed in his street clothes, and was talking and laughing with another man. After that he was never seen again, but during that evening his clothes, underclothes, hat, shoes, stockings, and jewelry were found in one of the bathrooms. Thereafter the plaintiff, her attorney, and Mr. Minnis made inquiries, not only in and about Los Angeles, but in various states of the Union, and no trace could be had of the insured. The plaintiff notified the Insurance Company of the death as early as January 12, 1916, and the case was not brought on for trial until nearly three years thereafter.

After the discovery of the personal effects in the bathroom much publicity was given in the newspapers regarding the disappearance of the insured. Although the bodies of drowned persons are generally drifted to the shore, no body came ashore that was identified as being the body of the insured.

The foregoing facts stand in the record without conflict, although there are some other matters in the record concerning which there is conflicting testimony. The principal question presented by the briefs is as to the sufficiency of the foregoing evidence to support the judgment.

It is statutory in California that a person not heard from in seven years is presumed to be dead. (Code Civ. Proc., sec. 1963, subd. 26.) Neither of the parties to this case contend that the rule so stated is exclusive. However, the appellant claims that he who would bring his case within a

shorter period must produce evidence to the effect that the alleged decedent came in contact with "some specific peril to his life." The respondent, on the other hand, claims that the true rule is contained in the leading case, *Tisdale v. Connecticut Mut. Life Ins. Co.*, 26 Iowa, 170, [96 Am. Dec. 136, 138], where the supreme court of Iowa states the rule otherwise, and illustrates the reason for the rule as follows: "An honored and upright citizen, who, through a long life, has enjoyed the fullest confidence of all who knew him,—prosperous in business and successful in the accumulation of wealth; rich in the affection of wife and children, and attached to their society; contented in the enjoyment of his possessions, fond of the associations of his friends, and having that love of country which all good men possess, with no habits or affections contrary to these traits of character,—journeys from his home to a distant city and is never afterward heard of. Must seven years pass, or must it be shown that he was last seen or heard of in peril, before his death can be presumed? No greater wrong could be done to the character of the man than to account for his absence, even after the lapse of a few short months, upon the ground of a wanton abandonment of his family and friends. He could have lived a good and useful life to but little purpose if those who knew him could even entertain such a suspicion. The reasons that the evidence above mentioned raises a presumption of death are obvious; absence from any other cause, being without motive and inconsistent with the very nature of the person, is improbable." To the same effect are *Cox v. Ellsworth*, 18 Neb. 664, [53 Am. Rep. 827, 26 N. W. 460]; *Boyd v. New England M. L. Ins. Co.*, 34 La. Ann. 848; *Northwestern Mut. Life Ins. Co. v. Stevens*, 71 Fed. 258, 261, 262, [18 C. C. A. 107]; *Lancaster v. Washington Life Ins. Co. of N. Y.*, 62 Mo. 121; *Coe v. National Council K. & L. of S.*, 96 Neb. 130, [Ann. Cas. 1916B, 65, L. R. A. 1915B, 744, 147 N. W. 112]; *Harvey v. Fidelity & Casualty Co.*, 200 Fed. 925, [119 C. C. A. 221]; *Fidelity Mut. Life Assn. v. Mettler*, 185 U. S. 308, 319, [46 L. Ed. 922, 22 Sup. Ct. Rep. 662, see, also, Rose's U. S. Notes]; *Rogers v. Manhattan Life Ins. Co.*, 138 Cal. 285, [71 Pac. 348]; *Western Grain etc. Co. v. Pillsbury*, 173 Cal. 135, [159 Pac. 423]. As stated in the Tisdale case, the facts there enumerated

tend to show the probability of death, however, if the person at the time he was last seen was a fugitive from justice, was a bankrupt, or from other causes it would be improbable that he would be heard from even though alive, then no inference of death will be drawn. Such was the conclusion of the court in *Ashbury* v. *Sanders*, 8 Cal. 62, [68 Am. Dec. 300] ; *Nelson* v. *Masonic Mut. Life Assn.*, 57 App. Div. 214, [68 N. Y. Supp. 290] ; *Groff* v. *Groff*, 36 App. D. C. 560; *Travelers' Ins. Co.* v. *Sheppard*, 85 Ga. 751, [12 S. E. 18, 39] ; *Garden et al.* v. *Garden's Executrix*, 2 Houst. (Del.) 574, 579; *Modern Woodmen* v. *Ghromley*, 41 Okl. 532, [Ann. Cas. 1915C, 1063, L. R. A. 1915B, 728, 139 Pac. 306]. The very nature of such cases is to the effect that the weight of the evidence is a question for the jury. (*Succession of Vogel*, 16 La. Ann. 139, 140, [79 Am. Dec. 571] ; *Smith* v. *Knowlton*, 11 N. H. 191, 197). And the Tisdale case, *supra*, was reversed because the trial court gave an instruction which determined the weight of the evidence which was the peculiar province of the jury (96 Am. Dec. 136, 139). It has been expressly ruled in cases where the evidence was not as strong as in this case that there was sufficient evidence to take the case to the jury and that it could not be said, as a matter of law, that there was no evidence of death (*Cox* v. *Ellsworth, supra; Lancaster* v. *Washington Life Ins. Co. of N. Y., supra; Coe* v. *National Council K. & L. of S., supra; Rogers* v. *Manhattan Life Ins. Co., supra; Western Grain etc. Co.* v. *Pillsbury*, 173 Cal. 135, 138–140, [159 Pac. 423].) If, after the plaintiff had introduced the evidence above recited, the defendant had been able to show that the missing husband had been seen after the supposed date of death, such fact would have been admissible as rebutting the plaintiff's case. (*Springmeyer* v. *Sovereign Camp W. of W.*, 144 Mo. App. 483, [129 S. W. 273, 277].) However, in this case, no such claim is made.

Many exceptions by the appellant as to the admission of evidence are contained in the record; but all of the objections are disposed of by what we have just said to the effect that it is competent to prove by circumstantial evidence the fact and exact date of death. The jury having found for the plaintiff on the evidence which she introduced that her husband was dead, it had the right to find, and did find by its general verdict, that the husband died November

2d, the day on which he was last seen. (*Harvey* v. *Fidelity & Casualty Co.,* 200 Fed. 925, 928, [119 C. C. A. 221].)

The ruling, regarding the admissibility of evidence in such cases, also disposes of the contention of the appellant that the plaintiff did not submit proofs of loss. The appellant admits that she submitted numerous affidavits, but the contention of the appellant is that the affidavits contain *ex parte* statements of only such facts as she developed at the trial and that such facts did not prove, nor tend to prove, the death of the plaintiff's husband. However, we have ruled against the appellant as to the probative effect of the facts proved by the plaintiff and it follows that her proofs of loss were sufficient. In other words, she was entitled to make her showing to the defendant by affidavits setting forth the same facts which later she showed to the trial court.

[2] The appellant also makes a point on the fact that the trial court did not formally announce that the proofs of loss were admitted in evidence. The record with reference to that matter shows that the first witness called was the plaintiff. Shortly after she had taken the stand the proofs were handed to the witness. She identified them and identified a letter written by her attorney, Mr. Clark, as being copies of the papers which had been transmitted to the defendant April 6, 1916. It was stipulated that the same were received by the defendant about April 14, 1916. Thereupon, Mr. Clark was about to read the papers to the court in the presence of the jury, when Mr. Meserve, attorney for the defendant, objected to the same being read in the presence of the jury because the jury might be unable to confine the papers and the contents thereof as being proof solely of the fact that proofs of death had been made, but might also use the contents of the *ex parte* affidavits as being evidence of the fact of death, etc. Thereupon, the papers were handed up to the judge presiding at the trial and the attorneys stipulated that he might read the same and if he found the papers sufficient the trial court might thereafter state to the jury that the proofs had been made as of date April 6, 1916. The record does not show that thereafter the trial court made the formal statement which had been contemplated; neither does the

record show that either counsel asked the trial court to do so. All of the papers are in the record and all of them are regular in form and are very full and complete in view of the peculiar facts of this case—they cover twenty-five pages of the printed transcript. Thereafter the case was conducted in all respects as though the proofs had been formally admitted. The defendant's attorney asked its witnesses many questions regarding the defendant's copy of the proofs. The day before the case was submitted to the jury the papers were marked "Plaintiff's Exhibit 3 Filed December 11, 1918, H. J. Lelande, Clerk by A. B. Yorba, Deputy." The court's ruling having been suspended on the request of the attorney for the defendant, and no valid objection appearing as being made to the papers, and the papers being free from any objection if one had been made, we think that the appellant may not now be heard to complain that the trial court omitted to make a formal ruling on the admission of the proofs of loss.

No error has been called to our attention. The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 15, 1921.

All the Justices concurred except Angellotti, C. J., and Wilbur, J., who were absent.