In the Matter of the Claim of LAURA M. LINDEMANN and Another, Respondents, against REID ICE CREAM CORPORATION and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — claim by alleged widow — first husband was discharged from army in 1919 — claimant married decedent in 1924 — no presumption of death of first husband — claim remitted.*

Separate appeals from awards made by the State Industrial Board on March 9, 1927.

PER CURIAM. If Frank Rowan, the prior husband of Helen Rowan Lindemann, was alive at the time of her marriage to Cecil Lindemann, September 27, 1924, the latter marriage was void for the reason that she had failed to have the prior marriage dissolved under the provisions of section 7-a of the Domestic Relations Law.* If Rowan had died prior to the second marriage, then that marriage was valid and the claimant was entitled to an award as widow of Lindemann, and likewise an award to the stepson was justifiable. The common-law presumption of death arising from seven years' absence unaccounted for in any way (*Butler* v. *Mutual Life Ins. Co.*, 225 N. Y. 197) is not available to the claimant here for it appears that Rowan was discharged from the military service of the United States on June 9, 1919; and there is no sufficient proof in this record to indicate his death. It is possible that such proof may be furnished at another hearing, either by direct evidence or by circumstances. (See Wigm. Ev. § 2531; *Oppenheim* v. *Wolf*, 3 Sandf. Ch. 571; *Fidelity Mutual Life Assn.* v. *Mettler*, 185 U. S. 308; *Harvey* v. *Fidelity & Casualty Co.*, 200 Fed. 925, 928; 17 C. J. 1176, § 21, and cases cited.) Cochrane, P. J., Van Kirk, McCann, Davis and Whitmyer, JJ., concur. That part of the award which allows compensation to Helen Lindemann, as widow, and Archie Lindemann, as dependent stepson, is reversed, and claim remitted, with costs against the State Industrial Board to abide the event.

---

In the Matter of the Claim of HENRY G. ZARO, Respondent, against ZARO TOURIST AND STEAMSHIP TICKET AGENCY, INC., and Another, Appellants.

TATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — appeal dismissed on failure of carrier to procure representation by employer on appeal.*

Motion to dismiss the appeal from an award made by the State Industrial Board on November 12, 1926.

PER CURIAM. The carrier having been given an opportunity on the argument to procure if possible representation by the employer on this appeal and having been unable to do so the appeal must be dismissed. (See *Matter of Hammele* v. *McMahon*, 220 App. Div. 60.) Cochrane, P. J., Van Kirk, Hinman, McCann and Whitmyer, JJ., concur. Appeal dismissed, with ten dollars costs against the insurance carrier to the State Industrial Board.

---

* Added by Laws of 1922, chap. 279. See, also, Dom. Rel. Law, § 6, subd. 3, as amd. by Laws of 1922, chap. 279.— [REP.