TEODORA CARABALLO, Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. 9. Argued March 17, 1937.—Decided March 19, 1937.

*Fernando Beiró Rovira* for appellant.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Prudencio Caraballo and Andrés Vázquez were repairing a pier. When Vázquez was about to pass under the pier on a raft a gust of wind carried him some distance from the pier. He signalled for help and Caraballo went to his assistance in a sail boat. Caraballo rescued Vázquez from the

raft and attempted to return in the sail boat. The wind increased in violence, however, and neither of the men was again seen alive. The body of Vázquez was discovered two days later. The body of Caraballo was never found.

 Teodora Caraballo, a sister and foster mother of Caraballo, applied for compensation under the Workmen's Accident Compensation Act. The Manager of the State Fund denied her petition for want of proof as to her dependence on Caraballo for support and for want of sufficient proof as to the death of Caraballo. The Industrial Commission on appeal from the decision of the Manager of the State Fund held that under the provisions of section 56 of the Civil Code it was not the province of the commission but of the district court to pass upon the question of death. In view of the conclusion thus reached, the commission did not deem it necessary to decide and did not decide the question of petitioner's alleged dependence on Caraballo for support. Section 56 of the Civil Code reads as follows:

"After fifteen years have passed since the day on which the provisional possession of the state of the absentee was awarded or on which the husband or wife of said absentee took over the administration of the estate belonging to him or to her in accordance with the foregoing provisions, or after ninety years have passed since the birth of the absentee, the district court shall, on petition of any interested party, declare that he is presumably dead."

Petitioner now applies for a writ of review. This court has held, however, that it will not review the decision of the Industrial Commission unless it has had an opportunity to reconsider its rulings and to correct any error of law. We shall not therefore issue the writ at this time. See *Amenguar* v. *Industrial Commission*, 49 P.R.R. 10.

We may point out, however, that the Industrial Commission is a *quasi* judicial body with full power to pass upon all questions of law and fact properly coming before it. Section 56 of the Civil Code should be construed in the light of its context. This is not a case of mere absence. It is a case

of circumstantial evidence and the disappearance of Caraballo should be considered in the light of all the surrounding circumstances which, together with his disappearance, point persuasively to the conclusion that he met his death on the day of his disappearance. See *Lesser* v. *New York Life Ins. Co.*, 200 Pac. 22 and *Matter of Miller*, 67 Misc. 660.

The petition must be denied.