DREW, Justice.
By petition and cross-petition for writ ■of certiorari the parties controvert an order •of the deputy, affirmed by the commission, which awarded compensation to the minor •children of the employee but found the ■claim of his widow to be barred by the statute of limitations.[1]
Robert L. Thompson was employed by •the petitioner to pilot aircraft on charter ■or air-taxi trips. On December 14, 1961, lie departed on a charter trip scheduled to include a flight to Nassau, Bahamas. He ■did not return and, according to testimony in the record, no trace has since been found ■of either plane or pilot. The respondent Beatrice Thompson filed claim in April 1964 for death benefits for herself and the three minor children of the parties, alleging ■a date of accident of December 16, 1961.
The deputy found that the employee:
“ * * * suffered an accident and injury resulting in his death. In making this finding I rely on the testimony of the manager of the employer to the effect that he, in his capacity as manager for the employer, initiated a search for the aircraft when neither the pilot nor the aircraft appeared as scheduled. The undersigned further considered that an intensive search was made for both pilot and aircraft and no evidence of either was found and that on November 12, 1963, a determination was made by the Department of Health, Education and Welfare of the United States, that Robert L. Thompson, had met his death on December 16, 1961, in a plane crash at sea. Further, in making this finding the undersigned relies on the testimony of J. David Finger that he has not seen the aircraft or the pilot since the departure on December 14, 1961, and on the testimony of the widow, Beatrice Thompson, that she has not seen the claimant alive since his departure on said ill fated flight.”
We conclude that the claim was properly determined on the theory that in a case of this nature both the fact of death and time of death are to be proved as other material facts and may be established by circumstantial evidence. The proof on this issue in compensation claims as in our civil cases generally is sufficient “ * * * if the circumstantial evidence amounts to a preponderance of all reasonable inferences that can be drawn from the circumstances in evidence to the end that the evidence is not reasonably susceptible of two equally reasonable inferences.” [2] In the absence of any record evidence that the employee deviated from his employer’s mission, the charter flight, prior to the cessation of contact in this case, we think the facts require a finding that the disappearance occurred December 16, 1961 in the course of employment, and sustain the further finding of death on that date as *307 the most reasonable inference in the circumstances.[3]
Petitioner’s additional objections are to the use of claimant’s deposition permitted by the deputy in lieu of personal appearance at the hearing, and to the admissibility of documentary evidence of the federal administrative determination of death. The evidence absent this document is sufficient to support the deputy’s conclusion. Moreover, we find no showing of abuse of the deputy’s discretion in respect to these issues.[4]
The cross-petition, asserting error in the application of the statute of limitations prior to the “official” finding and notice of death for social security purposes, must be denied upon the same reasoning and authorities by which we resolve the primary evidentiary issue above — the propriety of the determination of the fact and time of death as other factual issues. Certainly no presumption can be conclusive in this situation, and we think the disposition of this issue was entirely proper upon the recited facts.
The petition and cross-petition are denied.
The petition for allowance of attorneys’ fees is hereby granted in the amount of $350.00.
THORNAL, C. J., and ROBERTS, O’CONNELL and SEBRING (Retired), JTJ., concur.

. F.S. Sec. 440.19(1) (b), F.S.A.:
. “(b) The right to compensation for death under this chapter shall be barred unless a claim therefor is filed within two (2) years after the death, except ■that if payment of compensation has been made without an award on account of such death a claim may be filed •within two (2) years after the date of the last payment.”

. Johns v. Burns, Fla.1953, 67 So.2d 765.

. See Larson, Workmen’s Compensation Law, Yol. I, See. 10.32:
“ * * * One type of case raising this problem [of an injury occurring in the course of employment] is that in which the employee completely disappears, and in which no trace thereafter is ever found of his body. If there are circumstances sufficient to raise an inference that the employee met with an accident on the job, the failure to find any trace of the de-ceclent is not necessarily fatal to the claim. * * * When, however, the evidence leaves a wide area of uncertainty about the decedent’s movements between the last time he was seen and the discovery of his death, denials have issued because of the failure to bring the episode within the course of employment in the first place.”

. King v. Keller, Fla.1962, 141 So.2d 259; Weber v. Berry, Fla.App.1961, 133 So, 2d 327. See also F.S. Sec. 92.31, F.S.A.