334 So.2d 261 (1976)
FIREMEN's FUND AMERICAN LIFE INSURANCE COMPANY, Appellant,
v.
Frankie M. WOHL, Appellee.
No. 75-755.
District Court of Appeal of Florida, Third District.
April 27, 1976.
Rehearing Denied July 6, 1976.
Fowler, White, Burnett, Hurley, Banick & Knight and A. Blackwell Stieglitz, Miami, for appellant.
Donald M. Coon, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PEARSON, Judge.
The defendant, Firemen's Fund American Life Insurance Company, appeals a $50,000 judgment upon a jury verdict. The plaintiff, widow of Jack Wohl, sought recovery as the beneficiary of a life insurance policy. The substantial question presented is whether the proofs of Jack Wohl's death are sufficient. A relevant portion of the policy provided:
"EXPOSURE AND DISAPPEARANCE: When by reason of an accident *262 covered by this policy, the Insured is exposed to the elements and as a result of such exposure suffers a loss for which indemnity is otherwise payable hereunder, such loss shall be covered under the terms of this policy.
"If the body of the Insured has not been found within one year of the disappearance, sinking or wrecking of the vehicle in which the Insured was riding at the time of the accident and under such circumstances as would otherwise be covered hereunder, it will be presumed that the Insured suffered loss of life, resulting from bodily injury caused by an accident at the time of such disappearance, sinking or wrecking."
The applicable rule of law is that generally, in the absence of any policy provisions to the contrary, the death of an insured person and the time of death, or the fact that the death or injury of the insured resulted from accidental means, may be proved by circumstantial evidence, and it is sufficient if there is a preponderance of the evidence, whether direct or circumstantial, on such an issue. See Melbourne Airways & Air College, Inc. v. Thompson, Fla. 1966, 190 So.2d 305, in which the rule is stated:
* * * * * *
"We conclude that the claim was properly determined on the theory that in a case of this nature both the fact of death and time of death are to be proved as other material facts and may be established by circumstantial evidence. The proof on this issue in compensation claims as in our civil cases generally is sufficient `* * * if the circumstantial evidence amounts to a preponderance of all reasonable inferences that can be drawn from the circumstances in evidence to the end that the evidence is not reasonably susceptible of two equally reasonable inferences.'"
* * * * * *
See also Johns v. Burns, Fla. 1953, 67 So.2d 765.
At trial, the Manager of Benefits and Services at Wometco Enterprises testified that she was the custodian of the personal records of some of the employees, including Jack Wohl. She stated that she had known Wohl for ten years and that he had worked his way up in Wometco to the position of assistant comptroller. She further testified that he was given 90 days leave of absence commencing on September 7, 1973, and that he never returned to work.
William Ortman, a friend of Wohl's, testified that on September 26, 1973, Jack Wohl and one Raymond Sheer came to Ortman's house, gathered some groceries and fishing equipment from a boat belonging to Ortman and then left, seemingly with the intention of going on a fishing trip. Ortman also testified that he and Wohl had formed a corporation and were going into a fishing and lobstering business. The corporation operated two fishing vessels and planned to fish off of San Andres, Colombia.
On the evening of September 26, 1973, Peter Wade, an employee of Underwood Marine Corporation, who worked at a marina on the intercoastal waterway located in Ft. Lauderdale, furnished a vessel, the "Button One," to three men. He described two of the men as having dark hair, and the third man he identified from a photograph later shown to be that of Raymond Sheer. The boat was furnished to the three men at about 7:00 p.m. on the evening of the 26th. Wade observed a great deal of food on board but did not see any fishing equipment. The boat headed out toward the ocean. Wade testified, however, that the records of the marina showed that the slip occupied by the "Button One" was occupied later that night.
Wade's testimony was offered by the plaintiff, and included testimony that Wade had not seen the boat again after its *263 departure but that the records of the marina did show that the boat had returned, although it was not there when Wade showed up for work the next day.
Robert Sheer, the brother of Raymond Sheer, testified to the fact that Raymond occasionally used Robert's Buick and was doing so the last time that Robert had seen him in September, 1973. After the disappearance, Robert found his Buick at Harbor West Marina, the marina where the "Button One" was allegedly furnished to Wohl and Sheer. Alongside the Buick was the car belonging to Jack Wohl. Raymond Sheer's wallet, money, clothes and personal belongings were found in the Buick. Robert Sheer's testimony also revealed that Raymond was used to boats and went out fishing quite frequently.
Frankie Wohl, the wife of Jack Wohl, testified that the couple had been married since January of 1962 and that they had two sons. Mrs. Wohl further testified that her husband was in good health, not nervous or upset or depressed at the time of his disappearance in September, 1973. Also, she testified that her husband enjoyed fishing and used to go out on Ortman's boat, the "Thunderbird," either by himself or with his children. She testified that on September 26, 1973, her husband left the house about 2:30 p.m. to go to Ft. Lauderdale to meet some friends to go fishing for a few days. He dressed as he always had when going out on a boat. When Mrs. Wohl did not hear from her husband for several days, she became concerned and contacted the Coast Guard ten to fifteen times. She further testified that she has not heard from her husband since September, 1973, and that she believes he is dead. She stated that William Ortman had called her after her husband had left and that he had stated to her that Jack would be home in a couple of days. Her testimony acknowledges, as well, that she made a statement after her husband's disappearance that the two of them were still working out their problems at the time he disappeared. She also testified that her husband's checking account was almost depleted. The problem she testified to concerned one Julie Anderson, with whom Jack Wohl had engaged in an affair. Mrs. Wohl testified that the affair had terminated approximately three months prior to her husband's disappearance. There was no testimony of Julie Anderson's whereabouts at the time of the trial.
An officer with the U.S. Coast Guard testified that the Coast Guard conducted a search for the lost vessel, "Button One," but that the report which he received was vague and did not provide information of when the vessel left or when and where it was to return. He testified that there was a ten-day search but that neither the vessel nor the persons aboard were found. He further testified that, from his own personal knowledge, boats which had been lost at sea in the 7th Coast Guard District were sometimes never discovered nor the bodies of their passengers ever found.
Since the evening of September 26, 1973, no one has seen Jack Wohl or the "Button One," the boat he allegedly was on, nor has anybody seen Raymond Sheer, one of the persons supposedly on the boat with him.
An investigator with the American Express Company, which owns Firemen's Fund American, testified that he interviewed persons who had been acquainted with Jack Wohl and that he had conducted a thorough but fruitless investigation.
The defendant, in its argument that the evidence is not sufficient under the law and the policy provisions to prove Wohl's death, first points out that no one can say that the "Button One" sank or was wrecked. We think that this argument is not sufficient for reversal under the law stated in Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403, where the court said:
* * * * * *
"... when circumstantial evidence is relied upon in a civil case as a method *264 of proof any reasonable inference deducible therefrom which would authorize recovery must outweigh each and every contrary reasonable inference if the plaintiff is to prevail."
* * * * * *
We hold, therefore, that the evidence of the disappearance of the vessel, under the circumstances of this case, is sufficient to support the finding of the jury that the vessel sank or was wrecked.
Next, it is urged that the finding that Wohl was on board the "Button One" is supported only by an inference upon an inference and is, therefore, legally insufficient to support the jury verdict. See Commercial Credit Corporation v. Varn, Fla.App. 1959, 108 So.2d 638, where the rule is stated:
* * * * * *
"... the established rule of evidence is that we cannot construct a conclusion upon an inference which has been superimposed upon an initial inference supported by circumstantial evidence unless the initial inference can be elevated to the dignity of an established fact because of the presence of no reasonable inference to the contrary."
* * * * * *
The evidence that Wohl left with one Raymond Sheer to go fishing and that Sheer arranged for the use of the "Button One" and that Wohl left on that boat with two other men supports the reasonable inference which, coupled with the disappearance of the vessel, Wohl and Sheer, supports the finding of the jury that the probability that Wohl was on the "Button One" outweighs all other reasonable inferences deducible from the facts. The evidence deals not only with Wohl's disappearance, but also with the disappearance of a vessel and Raymond Sheer. The hypothesis of an arranged disappearance is not as reasonable where it is coupled with the disappearance of others on the same vessel.
But, as pointed out by defendant, there is testimony of one fact which, if true, would render the presence of Wohl on the "Button One" when she was lost as an inference upon an inference. That testimony is the statement made by plaintiff's witness, Wade, who was the employee at the marina, that the records of the marina would show that the slip occupied by the "Button One" on September 26th was occupied later that night. If this is accepted as an established fact, then the inference that Wohl was still on the boat when it left again would be an inference upon an inference.
The question then is whether the testimony of Wade is sufficient to establish as a fact that the "Button One" left at 7:00 p.m. on September 26th but returned that night and left again thereafter. We think that it is not. The testimony was to the effect that the vessel may have returned but it falls short of certainty. The testimony was a factor that could be considered by the jury in its determination of whether the reasonable inference that Wohl was on the vessel outweighed every contrary reasonable inference. The contrary reasonable inference suggested by the defendant is that Wohl's disappearance was a planned disappearance. There are facts in evidence which may have made a planned disappearance appear reasonable to the jury. But, we conclude that the evidence in this case is legally sufficient to sustain the jury's finding that the reasonable inference that Wohl died with two companions when the "Button One" was lost at sea outweighed the inference that Wohl's disappearance was a planned disappearance.
Affirmed.