**Jacqueline Carol RODRÍGUEZ DÍAZ, Plaintiff,**

v.

**MUTUAL OF OMAHA INSURANCE CO., Defendant.**

**Civ. No. 92–1426 HL.**

United States District Court, D. Puerto Rico.

Sept. 29, 1992.

John E. Mudd, Cordero, Miranda & Pinto, Enrique Velez–Rodriguez, Old San Juan, P.R., for plaintiff.

Luis R. Ortiz–Segura, Cordero, Miranda &'Pinto, Old San Juan, P.R., for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court are cross motions for summary judgment in this action for collection on a life insurance policy. Plaintiff, Jacqueline Carol Rodríguez Díaz ("Rodríguez Díaz") originally filed this complaint in the Superior Court of the Commonwealth of Puerto Rico, Bayamón Part.[1] Defendant, Mutual of Omaha Insurance Company ("Mutual"), removed[2] this case to this Court on the basis of diversity jurisdiction.[3] Rodríguez Díaz claims $300,000 from. Mutual as a beneficiary under an insurance policy. In April 1988 Mutual issued an insurance policy with a principal sum of $300,000 to Charles Tricoli Toro ("Tricoli"), Rodríguez Díaz' husband. ·The policy provided that the principal sum would be paid for the loss of life. Rodríguez Díaz is a beneficiary of this policy and is therefore entitled to $300,000 in the event of Tricoli's death.

On January 15, 1990, Tricoli and a friend went on a fishing trip off the northeast coast of Puerto Rico in the "Claribel," a 21–foot power· boat owned by ·Tricoli's friend. When Tricoli did not return from the trip, Rodríguez Díaz notified the authorities and a ·search was begun. The U.S. Coast Guard used airplanes, helicopters, and cutters. in the search for the two men. Aircraft belonging to the Civil Air

---

1. Civ. No. 92–517.

2. 28 U.S.C.A. § .1441(a) (West Supp.1992).

3. 28 U.S.C.A. § 1332 (West Supp.1992).

Patrol and Puerto Rico's Forces for Rapid Action ("FURA"), as well as privately owned aircraft, also participated in the search. All told, the search covered an area of over 22,000 square miles ·of the ocean off Puerto Rico's coast.

On January 20, 1990, the fifth day of the search, the "Claribel" was found capsized about twenty miles north of Hatillo, off the northern coast of Puerto Rico. A report from the Coast Guard cutter· that investigated the site of the capsized ·boat stated that there was a "minimal chance of survival" and that the area was a "shark hazard." The two men were never found.

Rodríguez Díaz petitioned the Superior Court of Puerto Rico, Bayamón Part, for a declaration that her husband was dead. A hearing was held on September 12, 1990. In addition to Rodríguez Díaz, an attorney from the Domestic.Relations Special Prosecutor's office of the Puerto Rico Department of Justice was also present. Testimony was heard from Rodríguez Díaz, the wife of the owner of the "Claribel," and a Coast Guard officer. Documentary evidence included photographs of the capsized boat, a disappearance report, and the Coast Guard's report. According to the Superior Court's decree [4] issued November 20, 1990, on the day the two men set out the waves were choppy and there was intermittent rain. Based on the evidence, the Superior Court concluded that Tricoli and his friend died in an accident at sea.

Rodríguez Díaz claims the principal sum of $300,000.00 pursuant to Tricoli's insurance policy in which she is a beneficiary. Mutual has denied payment on the basis of the insurance policy's Part E, which reads as follows:

### Exposure and Disappearance

If an Insured Member or Dependent insured under the Policy is unavoidably exposed to the elements because of an accident resulting in the disappearance, sinking or damaging of conveyance on which the Insured Member or Dependent is covered by the Policy and in which the Insured Member or Dependent was rid-

ing, and if as a result of such exposure the Insured Member or Dependent suffers a loss for which benefits are otherwise payable hereunder, such loss will be covered under the Policy.

If, while insured hereunder, the Insured Member or Dependent disappears because of an accident which results in the disappearance or sinking of a conveyance on which the Insured Member or Dependent is covered by the Policy and in which the Insured Member or Dependent was riding, and if the body of the Insured Member or Dependent has not been found within seven years after the date of such accident, it will be presumed, subject to no evidence to the contrary, that the Insured Member or Dependent suffered loss of life as a result of injuries covered by the Policy.

Mutual claims that because Tricoli's body has not been recovered, he cannot be presumed dead until after seven years have passed. Accordingly, Mutual argues, payment to Rodríguez Díaz cannot be made until after this period. Following Mutual's refusal to pay benefits under the policy, Rodríguez Díaz brought this action for breach of contract. Both parties have moved for summary judgment. Based on the following, the Court grants Rodríguez ·Díaz' motion for summary judgment.

At the outset, the Court notes that summary judgment is appropriate if "there is no genuine issue. as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). Furthermore, because insurance policies are adhesion contracts, they should be interpreted liberally in favor of the insured. *Rivera v. Ins. Co. of Puerto Rico*, 103 D.P.R. 91, 93, 3 Official Translations 128, 131 (1974). Under Puerto Rico law, exclusionary clauses in insurance policies are not favored and are to be narrowly construed. *Pagán Caraballo v. Silva Delgado*, 88 JTS 92, 6067 (1988); *Rivera*, 103 D.P.R. at 93, 3 Official Translations at 131–32.

■ Mutual argues that Part E of its policy with Tricoli excludes it from paying

4. Civil No. CS90–1542.

Rodríguez Díaz now. Specifically, Mutual claims that because Tricoli disappeared in an accident at sea and his body has not been found, Rodríguez Díaz cannot be paid for Tricoli's death until after seven years. However, part E does not specifically state that Rodríguez Díaz must wait seven years before receiving payment. Rather, it only states that if after the accident his body has not been found, "within seven years after the date of such accident, it will be presumed, subject to no evidence to the contrary, that [Tricoli] suffered loss of life as a result of injuries covered by the Policy." The intention of such a clause is to protect the insurance company from fraud by insureds feigning death. A presumption of death will arise only if after seven years there is no evidence that the insured survived the accident. However, the clause does not state that a beneficiary is excluded from making a claim before then, nor does it state what should happen in the event that a beneficiary provides irrefutable evidence of death and makes a claim before the end of the seven years. Because this policy provides for the payment of the principal in the event of death, the Court concludes that if a beneficiary provides valid evidence of the insured's death, the beneficiary is entitled to payment before the end of the seven years.

■ Under the Insurance Code of Puerto Rico, settlement under a policy for the death of an insured "shall be made upon receipt of due proof of death." P.R.Laws Ann. tit. 26, § 1311 (1976). It is not necessary, when making a claim under a life insurance policy, to prove beyond a reasonable doubt that the insured is dead. *Fidelity Mutual Life Ass'n. v. Mettler*, 185 U.S. 308, 318, 22 S.Ct. 662, 665–66, 46 L.Ed. 922 (1901). A person's death may be proved by circumstantial evidence. *Caraballo v. Industrial Commission*, 51 P.R.R. 157, 158–59 (1937); *Clarke v. States Steamship Co.*, 141 F.Supp. 706, 708 (N.D.Cal.1956); *Lesser v. New York Life Ins. Co.*, 53 Cal.App. 236, 200 P. 22, 24 (Cal.Dist.Ct.App.1921); 1 Eduardo Vazquez Bote, et al, *Derecho Civil de Puerto Rico* at 485 (1972). Moreover, a court can infer death if it appears that an absent person encountered some peril which could reasonably be expected to cause that person's death. *Davie v. Briggs*, 97 U.S. 628, 634, 24 L.Ed. 1086 (1878); *Browne v. New York Life Ins. Co.*, 57 F.2d 62, 64 (8th Cir.1932). The fact that the insured set out on a trip at sea and that the ship was subsequently lost is one of the most conclusive proofs of exposure to such peril. 2 Appleman, *Insurance Law & Practice* § 731, at 51 (1941); III Carlos Mascarenas, *Nueva Enciclopedia Jurídica*, at 121 (1978). If there is evidence that a person has had an accident and that there has been a rigorous search for him by the authorities, a declaration that he has died is appropriate even though no body has been found. Efrain Gónzalez Tejera, *Derecho Sucesorio Puertorriqueño* at 34 (1983).

■ The evidence in this case shows that the boat in which Tricoli had gone fishing was found capsized in an area that the Coast Guard categorized as a "shark hazard." The Coast Guard cutter that investigated the scene reported that there was a "minimal chance of survival." Moreover, the boat set out on a day when waves were choppy. Federal, commonwealth, and private aircraft covered over 22,000 square miles of ocean in their search for the two men. In spite of this extensive search, neither Tricoli nor his companion were ever found. The Court finds that Tricoli was exposed to a peril at sea and that it is reasonable to infer that as a result of this peril he met an untimely death.

Other courts have agreed that circumstantial evidence of an absent person's exposure to a peril is sufficient to allow for an inference of the missing person's death. In *Firemen's Fund Am. Life Ins. Co. v. Wohl*, 334 So.2d 261 (Fla.Dist.Ct.App. 1976)[5], the insured, Jack Wohl, had a clause in his policy strikingly similar to

---

5. While insurance issues in Puerto Rico are generally governed by Title 26, Puerto Rico's Insurance Code, it is appropriate to look to American law for guidance as well. *Municipality of San Juan v. Great American Ins. Co.*, 117 D.P.R. 632, 635–36, 17 Official Translations 757, 761–62 (1986).

part E of Tricoli's policy.[6] Wohl and two other men went out in the ocean to go fishing in a friend's boat. Neither the men nor the boat were seen again. Each man's car was left at the boat's marina. The U.S. Coast Guard conducted a search for the lost vessel, but found nothing. *Id.* at 262–63. The court held that this circumstantial evidence supported the jury's finding that Wohl died at sea. *Id.* at 264.

In *Caraballo* Prudencio Caraballo set out in a sailboat to rescue a companion who had been blown off shore while the two men were repairing a pier. 51 P.R.R. at 157–58. The winds became violent and the two men were unable to return to shore. The companion's body was found two days later; Caraballo's body was never recovered. The Puerto Rico Supreme Court did not make a ruling on this case because of a procedural issue. However the Court did state

> This is not a case of mere absence. It is a case of circumstantial evidence and the disappearance of Caraballo should be considered in the light of all the surrounding circumstances which, together with his disappearance, point persuasively to the conclusion that he met his death on the day of his disappearance.

*Id.* at 158–59. Following the same reasoning of *Wohl* and *Caraballo,* the Court holds that it is reasonable to infer that Tricoli died at sea.

In addition to arguing that the terms of Part E relieve it from an immediate obligation to pay Rodríguez Díaz, Mutual also claims that the Superior Court's conclusion that Tricoli died cannot obligate it to pay under the policy. Mutual argues that because it was not a party in the Superior Court's hearing, under the doctrine of *res judicata* it is not bound by that court's decision. The Court finds, however, that this case can be disposed of without delving into the labyrinthine world of *res judicata.* This Court has concluded, independent of the Superior Court's decision, that there is sufficient evidence to support an inference of Tricoli's death. Thus, it is not necessary to address Mutual's argument on this subject.

The Court does deem it worthwhile to address a different aspect of Mutual's argument. Mutual challenges the binding effect of the Superior Court's decision because it was not a participant in that proceeding. However, at no point does Mutual challenge the outcome that the Superior Court reached. It has not alleged that the proceedings were improper or otherwise flawed. Indeed, the facts that they were held in open court in the presence of both an attorney from the Puerto Rico Department of Justice's Domestic Relations Special Prosecutor's office and a witness from the U.S. Coast Guard would all serve to ensure that they were completely proper. Nor has Mutual stated that it would have presented evidence that Tricoli is still alive if it had been allowed to participate in the Superior Court proceedings. Presumably, if such evidence does exist Mutual would have presented it to this Court along with its motion for summary judgment. It has not done so and the Court can only conclude that no such evidence exists. At no point in this proceeding has Mutual made an allegation of bad faith or fraud or that Tricoli is still alive. All the evidence that the Court has before it leads to the inescapable conclusion that Charles Tricoli died in a boating accident in January 1990 off the northern coast of Puerto Rico.

WHEREFORE, the Court denies Mutual's motion for summary judgment and grants Rodríguez Díaz' motion for sum-

---

6. The pertinent policy in *Wohl* had a clause that read as follows:
   **EXPOSURE AND DISAPPEARANCE:**
       *     *     *     *     *     *
   If the body of the Insured has not been found within one year of the disappearance, sinking or wrecking of the vehicle in which the Insured was riding at the time of the accident and under such circumstances as would otherwise be covered hereunder, it will be presumed that the Insured suffered loss of life, resulting from bodily injury caused by an accident at the time of such disappearance, sinking or wrecking.
   334 So.2d at 261–62.

mary judgment. Judgment shall be entered accordingly.

IT IS SO ORDERED.